## MARLEY _v._ NOBLETT.

PRACTICE.—_Assignment of Error.—Motion for New Trial._—Error in permitting a deposition to be read in evidence, and erroneous instructions given to the jury, are covered by an assignment of error in overruling a motion for a new trial, if such matters are properly embraced in the motion for a new trial.

SAME.—_Motion for New Trial._—A motion for a new trial on the ground of error of law occurring at the trial must point out the error relied upon to sustain the motion. So of error in giving instructions, the instructions objected to must be pointed out. So of irregularity in the proceedings of the jury, the irregularity complained of must be pointed out.

Marley *v.* Noblett.

SAME.—*Bill of Exceptions.*—To present any question upon a motion for a new trial, on the ground that the verdict is not sustained by the evidence, or that the verdict is contrary to law, or that excessive damages have been given, the evidence must be put into the record by a bill of exceptions.

SAME.—*Time of Filing.*—Where time is given, extending beyond the term, within which to file a bill of exceptions, the record must show affirmatively that the bill was filed within the time limited, or it will be disregarded.

STATUTE OF FRAUDS.—*Contract.*—*Time of Performance.*—Where no time is fixed for the performance of a contract, or where it is to be performed by a certain day (not precluding the right to perform sooner), or where the performance depends upon a contingency which may or may not happen within the year; the contract is not within the statute of frauds.

APPEAL from the Martin Circuit Court.

WORDEN, J.—Action by the appellee against the appellant. The complaint contained two paragraphs. The first was upon an account for the use and occupation of certain real estate. The second averred, in substance, that the plaintiff let to the defendant the premises, on the first of February, 1862, for the term of three years from that date; in consideration whereof, the defendant agreed that he would "during said term" furnish the materials and enclose the land with a substantial post and plank fence; that pursuant to the letting, the defendant took possession of the premises, and occupied the same during said term, and appropriated the rents and profits thereof to his own use, but wholly failed during said term, or at any time afterward, to enclose the land, or any part thereof, with a fence, as stipulated for; to the damage of the plaintiff of one thousand dollars.

Issue, trial by jury, verdict and judgment for the plaintiff for the sum of two hundred and sixty dollars.

The defendant moved for a new trial, and filed the following reasons :

" 1st. Error of law occurring at the trial, and excepted to by the defendant at the time.

" 2d. Irregularity in the proceedings of the court, by which the defendant was prevented from having a fair trial, by giving to the jury erroneous instructions.

" 3d. That the verdict of the jury is not sustained by sufficient evidence.

Marley *v.* Noblett.

"4th. The verdict of the jury is contrary to law.

"5th. Excessive damages.

"6th. Irregularity in the proceedings of the jury, by which the defendant was prevented from having a fair trial."

This motion being overruled, the defendant excepted.

The errors assigned are:

"1st. The circuit court erred in permitting the deposition of W. A. Wilcox to be read in evidence on the trial of said cause.

"2d. In giving the third instruction to the jury. ·

"3d. In giving the fourth instruction to the jury.

'5th. In rendering judgment upon an insufficient complaint." of the cause.

"5th. In rendering judgment upon an insufficient complaint.

All the errors assigned, preceding the fourth, are covered by that.

The first, second, and sixth reasons for a new trial are entirely too indefinite and uncertain to raise any question. The second urges as an irregularity the "giving to the jury erroneous instructions." The instructions supposed to be erroneous are in no manner identified or pointed out, either by number or otherwise. This, it has been held in a great number of cases, is insufficient. The third, fourth, and fifth reasons for a new trial depend for their validity upon the evidence. But the evidence is not legitimately in the record, nor are the instructions.

On the overruling of the motion for a new trial, sixty days were given "to prepare and file" a bill of exceptions. Afterward, two bills of exceptions were filed by the appellant; one containing the evidence, and the other the instructions given. These bills appear to have been signed within the time limited, but when they were filed does not appear. There is no note or memorandum indicating the time of the filing thereof. It has been held, in a large number of cases, that where time is given after the term, in which to file a bill of exceptions, the record must show affirmatively that it was filed within the time limited, or it will be disregarded.

We have, however, looked through the evidence as con-

tained in the bill of exceptions, and find no ground to disturb the verdict. The evidence was conflicting, and had to be reconciled or some portions of it disregarded.

What we have said disposes of all the errors assigned, except the fifth, which is the last. It is urged that the complaint is bad because it shows a contract void by the statute of frauds, not being reduced to writing.

This objection has no application to the first paragraph of the complaint, and is not well taken as to the second. The letting, as alleged in the second paragraph, was for a term of three years, and "leases not exceeding the term of three years" are excepted from the operation of the statute of frauds. 1 G. & H. 348, sec. 1, clause 5. But it is urged, that as the fence was to be built during the three-year term, the defendant's contract was not to be performed within a year, and hence comes within that clause of the statute which requires agreements not to be performed within one year from the making thereof to be reduced to writing. We shall not stop to enquire whether, inasmuch as the lease was not within the statute, the whole contract was not exempt from its operation. The defendant had the whole term of three years in which to build the fence; but he might have built it within a year from the letting, in strict accordance with the terms of the alleged contract. The rule is, "that where no time is fixed for the performance of the contract, or where it is to be performed by a certain day (not pre-cluding the right to perform sooner), or where the perform-ance depends upon a contingency which may or may not happen within a year, the contract is not within the statute." *Wilson* v. *Ray*, 13 Ind. 1.

The defendant's contract was clearly not within the statute.

There is no error in the record, and the judgment must be affirmed.

The judgment below is affirmed, with costs and five per cent. damages.

*S. W. Short*, for appellant.

*N. F. Malott* and *T. R. Cobb*, for appellee.