# THE M. S. HUEY COMPANY v. JOHNSTON.

[No. 20,438.   Filed April 7, 1905.]

1. PLEADING.—*Complaint.—Construction.*—A complaint should be construed upon the theory most apparently outlined by the facts stated. p. 491.

2. SAME.—*Complaint.—Duty.—Conclusion.*—An allegation that the exercise of ordinary care required defendant to guard a machine is a legal conclusion.   p. 492.

3. SAME.—*Complaint.—Negligence.*—An action for negligence involves the violation of a duty, and such duty may be created by statute and its·violation be negligence *per se.*   p. 492.

4. SAME. — *Complaint. — Negligence. — Factory Act.* — A complaint which alleges that a machine was unguarded and very dangerous; that it could have been securely guarded; that defendant negligently failed to guard it, and that because of such negligence plaintiff was injured, states a cause of action under the factory act.   p. 492.

5. NEW TRIAL.—*Evidence.—Sufficiency.—Question for Jury.*—Where the plaintiff, a girl of nineteen, was put to work on a dove-tailing machine, which when the knives were sharp ran smooth, but when dull, the board vibrated, rendering it very dangerous to persons unac-

The M. S. Huey Co. *v.* Johnston.

quainted with it, and such was not plaintiff's usual work, and she did not understand the dangers, and while operating such machine and holding down a board passing through, plaintiff was caught by the unguarded knives, and injured, the question of defendant's negligence and of plaintiff's contributory negligence is for the jury.  p. 492.

6.  NEW TRIAL.—*Failure of Proof.*—Where the complain charged a failure to guard "the left end of the mandrel" and the proof showed that the "left side of the mandrel in front of the outer row of knives" was unguarded, there is no failure of proof within §396 Burns 1901. p. 495.

7.  PLEADING.—*Issues.—Proof.—Variance.*—A party can not save any question by merely objecting to evidence claimed to be inadmissible for variance, but he must present the question to the court and show that he is not ready to meet such evidence, and is misled thereby. p. 495.

8.  SAME. — *Variance. — Duty of Court. —* Where evidence technically variant is objected to, but it does not appear that the party has been misled, the court should order that the pleadings be immediately amended or should direct the facts found according to the evidence, but if no amendment was made, the court will treat such variance as obviated by an amendment.  p. 496.

9.  APPEAL AND ERROR. — *Supreme Court Rules. — Brief. —* Where the page and line of the transcript where the ruling on the admission of evidence will be found are not pointed out in appellant's brief, such error is waived.  p. 496.

10.  TRIAL.—*Instruction Covered by Those Given.*—Where an instruction requested is covered by those given, the refusal to give is harmless.  p. 496.

11.  SAME.—*Complaint.—Defense.—Burden of Proof.*—An instruction substantially stating that the burden of proving the allegations of the complaint is upon the plaintiff, and the burden of establishing the defense is upon the defendant, is correct.  Gillett, J., dissents from last proposition.  p. 497.

12.  APPEAL AND ERROR. — *Supreme Court Rules. — Brief. —* Errors alleged in giving and refusing instructions and in respect to interrogatories are waived by a failure to set out a copy or succinct statement in the brief, the purpose of the brief being to enable each judge to determine the merits of the controversy from the briefs alone. p. 498.

13.  SAME.—*Bill of Exceptions.—Evidence.—Improper Argument.*— Error on rulings in regard to improper statements in the argument to the jury can not be presented on appeal by incorporating such statements and rulings in the bill of exceptions containing the evidence certified under the act of 1897 (Acts 1897, p. 244).  p. 498.

14.  SAME.—*Ruling of Court Below.—Exception.*—Where no exception was made to the ruling of the court below, no question can be raised on appeal.  p. 499.

From Marion Circuit Court (10,453); *Henry Clay Allen,* Judge.

Action by Flora Johnston against The M. S. Huey Company. From a judgment on a verdict for plaintiff for $2,000, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Affirmed.*

William A. Ketcham, Joseph W. Hutchinson and *Frederick E. Matson,* for appellant.

Alexander .C. Ayres, Aquilla Q. Jones and *John E. Hollett,* for appellee.

Gillett, J.—Action by appellee against appellant to recover damages for an injury to her person. There was a verdict and judgment for appellee. The errors ·assigned, and not waived, draw in question the action of the court below in overruling appellant's demurrer to the second paragraph of complaint, in overruling its motion for a new trial, and in overruling its motion for judgment on answers returned by the jury to interrogatories.'

Appellant's counsel urge against the second paragraph of the complaint the claim that said paragraph is drafted on the theory of attempting to state a liability on a common-law ground, and not under section nine of the act of March 2, 1899 (Acts 1899, p. 231, §7087i Burns 1901), commonly called the factory act, and as the paragraph does not allege facts showing that the risk was not assumed, it is claimed that the pleading should be adjudged insufficient. In arguing this point counsel for appellant call attention to the charge or statement in said paragraph "that the exercise of ordinary care on the part of the defendant required it to guard the left end of the mandrel upon which the knives were located."

1. A complaint must be construed upon the theory which is most apparent and clearly outlined by the facts

stated therein. *Pittsburgh, etc., R. Co.* v. *Sullivan* (1895), 141 Ind. 83, 27 L. R. A. 840, 50 Am. St. 313.

2. The charge or statement quoted above, which counsel for appellant claim serves to stamp upon the paragraph in question the theory of a common-law action, is really nothing more than a conclusion. It is evident that we can not rely on this.

3. We think that the theory of the paragraph is to be found in its statements of fact and charges of negligence. An action for negligence involves a duty violated. The duty may be created by statute, and the violation of such a duty may constitute negligence *per se*. *Davis* v. *Mercer Lumber Co.* (1905), *ante*, 413; *Nickey* v. *Steuder* (1905), *ante*, 189; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1904), 163 Ind. 247, and cases cited; *Monteith* v. *Kokomo, etc., Co.* (1902), 159 Ind. 149, 58 L. R. A. 944.

4. The paragraph in question contains very full averments of the facts. It charges, among other things, that the machine was very dangerous, because the left end of the mandrel, on which knives or bits were located, was unguarded (the machine, it will be observed, operated on the saw principle); that it was practical to guard the entire mandrel, so as to make the machine perfecly safe; that appellant negligently failed to guard said end, and that plaintiff's injury was caused by "the negligence of the defendant in carelessly and negligently failing to guard or inclose the left end of the cylinder of said machine in which the mandrel and knives or bits revolved." The technical significance of an averment of negligence is well understood. Bearing in mind that the gist of the statutory action is negligence, we are clear that the paragraph, when viewed as a whole, must be regarded as having been framed on the theory of charging a cause of action under the act above mentioned.

5. It is next claimed that the verdict is contrary to law for certain reasons. Preliminary to a statement and con-

sideration of the particular claims made in this connection, we deem it best to set out some portions of the evidence. Appellee was injured while acting as an operative upon a dovetailing machine, which was used for the purpose of cutting tongues and grooves in the ends of thin pieces of wood. This dovetailing machine consisted of a mandrel or shaft, on which were placed knives or saws, at regular distances. The mandrel, together with the knives upon its surface, made about 3,000 revolutions per minute. In front of the frame in which the mandrel revolved, there was a feed-board, with a guide on the right-hand side of it. The material to be dovetailed was pushed along this feed-board against the revolving knives, the operative placing his fingers on top of the board, with his thumbs behind. There was a guard placed between the mandrel and the feed-board, and it was under this guard that the pieces of wood were pushed by the operative until they would come in contact with the knives. There is evidence that one of the knives extended further to the left than the guard, and there had been no attempt to protect the left end of the mandrel. It appears from the evidence that when the knives upon such a machine become dull it is difficult to hold the material down; that in the operation of the machine in such circumstances there is a tendency suddenly to force the board back or to the left, and that the left hand of the operative is in danger of slipping forward or being thrown into the knives by the sudden movement of the board.

Appellee, who was a girl of nineteen years, without experience in the use of machinery, was taken from her regular work to operate this machine on the afternoon before she was hurt. She was instructed as to the manner of doing the work, but she was not cautioned in respect to danger to herself. She appears to have had considerable trouble with the machine that afternoon, owing to the fact that the knives were dull. The boards would jump and

jerk, and she had much difficulty in holding them down; tongues upon some of the boards were broken by the knives because of their dullness. She complained to the foreman, but he merely told her to "bear down harder." Later in the day, he promised her that he would look after the machine, and the next morning he said to her that it was all right and ready for her to go to work. She was injured an hour later by a board jumping and throwing her left hand into the unguarded side of the machine. Other witnesses, who had a practical knowledge of the use of such machine, testify to facts which strongly tend to corroborate appellee's claim as to the working of such machine and the manner of her injury. One of the witnesses whom she called was asked as to the difficulty or danger of operating the machine, and he answered: "Well, it is according to the person that is put to work on it. If an experienced man, there is not much danger; that is, if he knows what he is doing. But if he doesn't know what he is doing, he doesn't know what danger he is going into."

Appellant's counsel assert that if the accident can not be accounted for on the theory of contributory negligence, the mind is left to the field of conjecture and speculation as to how the accident happened. The jury followed the direct evidence, and we can not say that it was not warranted in reaching the conclusion that it did. The whole inquiry involved questions of fact, and we can not say that men of intelligence might not have reached the conclusion that the members of the jury did. If the evidence offered on behalf of appellee as to the condition of the machine was credited, the jury was clearly right in concluding that the accident happened as she claims; but, in any event, we think that this question, and also the one as to contributory negligence, was for the jury's determination. *Buehner Chair Co.* v. *Feulner* (1905), *ante,* 368; *Davis* v. *Mercer Lumber Co. supra.* There was no evidence that appellee was not giving attention to her work immediately before her injury. So

the testimony of the foreman, which she failed to contradict, to the effect that he observed her watching him as he walked across the room, is not especially significant, even if the jury saw fit to give credence to his testimony.

6.    It is urged that there is a variance between the second paragraph of the complaint and the proof, in that the allegation is that the appellant was negligent in failing to guard the left end of the mandrel, whereas the evidence introduced on behalf of appellee showed that the left side of the mandrel, in front of the outer row of knives, was unguarded, and that it was at that point that her hand came in contact with the knives.   This is not a case of a failure of proof within the contemplation of §396 Burns 1901, §393 R. S. 1881.

7.    Appellant has attempted to save the question by a mere objection to the introduction of the evidence, based on the ground of variance between the proof and the allegation.   There was no claim advanced in the trial court that appellant was not ready to meet the evidence, or that it had been in anywise misled.   Section 394 Burns 1901, §391 R. S. 1881, provides: "No variance between the allegations in a pleading and the proof is to be deemed material, unless it have actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must be shown in what respect he has been misled; and, thereupon, the court may order the pleading to be amended on such terms as may be just."   Section 395 Burns 1901, §392 R. S. 1881, provides: "Where the variance is not material, as provided in the last section, the court may direct the fact to be found according to the evidence, or may order an immediate amendment, without costs."   It is provided by §670 Burns 1901, §658 R. S. 1881, that "No judgment shall be stayed or reversed, in whole or in part, by the Supreme Court, for any defect in form, variance, or

imperfections contained in the record, pleadings, process, entries, returns, or other proceedings therein, which by law might be amended by the court below, but such defects shall be deemed to be amended in the Supreme Court." The fact that a party has been misled "must be proved to the satisfaction of the court," according to §394, *supra,* or else it is not to be deemed material.

8. If it is not material, then, as we have seen, the trial court was authorized, under §395, *supra,* to have ordered an immediate amendment without costs, or to have directed the facts to be found according to the evidence. There should, perhaps, have been some order on the subject, under said section, but there was no request therefor, and, as we are required under §670, *supra,* to treat such a variance as having been obviated by amendment, we fail to perceive how appellant can make this technical variance available for a reversal. *Farley* v. *Eller* (1868), 29 Ind. 322; *Bristol Hydraulic Co.* v. *Boyer* (1879), 67 Ind. 236; *Reddick* v. *Keesling* (1891), 129 Ind. 128; *Latshaw* v. *State, ex rel.* (1901), 156 Ind. 194; *Consumers Paper Co.* v. *Eyer* (1903), 160 Ind. 424; *Hartwell Bros.* v. *Peck & Co.* (1904), 163 Ind. 357. We have considered all of the objections urged by appellant as to the effect of the evidence as tending to prove the second paragraph of the complaint, and after doing so have reached the conclusion that no sufficient ground of reversal in this particular has been pointed out.

9. Objection is made to two rulings of the court upon the evidence. We are referred for these rulings to the motion for a new trial, but have been left to search the transcript of the evidence to find where they are set out. These objections have thus been waived; but we have been at the pains to find these rulings for ourselves, and are of opinion that therein the court did not err.

10. Complaint is made of the refusal of the court to give appellant's instruction number fifteen. This instruc-

tion was to the effect that if the plaintiff's injury was simply due to an áccident the defendant was not liable. The jury was told by the court that the burden was upon the plaintiff to prove the material allegations of her complaint, or of some paragraph thereof. There was also an instruction given to the effect that "it does not necessarily follow, from an accident resulting in an injury, that anybody is liable to respond in damages;" and in the same instruction it was stated that "the plaintiff must prove that she has been injured as alleged." We think that the instructions given covered the ground, and that they were put in a more apt form than appellant's instruction number fifteen.

11. The third instruction given by the court was as follows: "Under the issues joined in this cause, before the plaintiff is entitled to recover, she must prove by a fair preponderance of the evidence each of the following essential elements of her cause: That the defendant committed some one or more of the negligent acts charged against it; that such negligent act or acts, if any, proximately caused damage to the plaintiff, in the manner alleged in the complaint. And, if the plaintiff has failēd so to prove either of said facts as alleged by such fair preponderance of the evidence, she can not recover. But under the present existing laws of this State it is not necessary for the plaintiff to allege or prove the want of contributory negligence on the part of the plaintiff; but the burden of establishing such contributory negligence on the part of the plaintiff rests on the defendant, and the same must be established by the defendant by a fair preponderance of the evidence." It is the opinion of a majority of the court that this instruction was not so phrased as to lead the jury to conclude that the defendant could not avail itself of all facts and circumstances which appeared as a part of the plaintiff's case. The following authorities have some bearing on the subject: *Indianapolis, etc., R. Co. v. Horst* (1876), 93 U. S. 291,

23 L. Ed. 898; *Randall* v. *Northwestern Tel. Co.* (1882), 54 Wis. 140, 11 N. W. 419, 41 Am. Rep. 17; *Sanders* v. *Reister* (1875), 1 Dak. 151, 179, 46 N. W. 680. The writer is of opinion that the giving of the above instruction is a sufficient ground for reversal, under the case of *Indianapolis St. R. Co.* v. *Taylor* (1902), 158 Ind. 274, and cases following it. While, as indicated, there is a division in the court as to whether the giving of said instruction should lead to a reversal, yet all of the judges agree that its form is not to be commended.

12. Complaint is made of the giving and of the refusal of certain instructions, but neither a copy nor a succinct statement thereof is to be found in appellant's brief. Rule twenty-two of this court is plain, and the purpose of the court to enforce it to the extent that it shall be necessary to cause briefs to be prepared in such a way that the judges who do not have the record may familiarize themselves from the briefs with the merits of the questions presented has been often indicated. *Buehner Chair Co.* v. *Feulner* (1905), *ante*, 368; *Penn Mut. Life Ins. Co.* v. *Norcross* (1904), 163 Ind. 379; *Perry, etc., Stone Co.* v. *Wilson* (1903), 160 Ind. 435; *Chicago, etc., R. Co.* v. *Wysor Land Co.* (1904), 163 Ind. 288. We hold that error, if any, in the giving or refusing to give instructions not set out in substance is waived; and, because of a like omission in respect to the interrogatories submitted to the jury and the answers thereto, we pass without decision the question as to whether appellant was entitled to judgment on such answers notwithstanding the general verdict.

13. The making of certain statements in the argument of counsel for appellee, before the jury, is complained of. There is no reference in the brief to the record whereby we may verify the statements in appellant's brief. We have found the argument referred to in a special bill of exceptions, and at the close of the evidence, as set forth in the original general bill of exceptions incorporated in the transcript,

we find, in addition, what purports to be a statement that counsel for defendant objected to the statements and requested the court to instruct the jury not to consider them; and there is also found in that connection the statements that the court overruled the objection and that the defendant excepted to the ruling. Matters of this character have no place in an original bill of exceptions containing the evidence, certified here under the act of 1897 (Acts 1897, p. 244). For this reason it can not be said that the record shows that the question was saved. *Leach* v. *Mattix* (1897), 149 Ind. 146; *Adams* v. *State* (1901), 156 Ind. 596; *Mankin* v. *Pennsylvania Co.* (1903), 160 Ind. 447; *Baut* v. *Donly* (1903), 160 Ind. 670.

14. We are asked to reverse this cause because the court, in submitting the interrogatories to the jury, submitted also the attached request that the jury be required to answer such interrogatories and the folder of both, whereby it might have been ascertained by the jury that appellant had caused the interrogatories to be propounded. We have searched the record to ascertain whether an exception was reserved to the action of the court, and, as we can not find that such an exception was taken, we must decline to pass on the question.

It is the opinion of the court that no available error exists, and therefore the judgment is affirmed.