## AXTELL *v.* THE STATE OF INDIANA.

### [No. 6,561. Filed January 15, 1909.]

1. CRIMINAL LAW.—*Bail.—Fixing of, by General Order.—Estoppel to Question, by Surety.*—A surety on a bond, in a criminal case, is estopped from questioning the validity of the bond on the ground that the order fixing the penalty thereof was a general court order made at a prior term of the court, where the bond was voluntarily executed and the penalty reasonable. p. 133.

2. TRIAL.—*Special Findings.—Evidentiary Facts.—Judgment.—Entries.*—A special finding showing a *nunc pro tunc* entry of a judgment of forfeiture is not a finding merely of an evidentiary fact. p. 133.

3. PLEADING.— *Complaint.— Amendments.— Appeal.*— A complaint will be deemed amended on appeal, where it might have been amended below. p. 133.

4. PLEADING.—*Complaint.—Forfeiture of Bond.—Criminal Law.*— A complaint setting out defendant surety's bond, and alleging that it was executed to secure the release of a prisoner held on a felony charge, that the amount of the penalty thereof was fixed by the court, that the prisoner failed to appear for trial, and that a judgment of forfeiture was entered before the commencement of the action on the bond, is sufficient. p. 133.

5. CRIMINAL LAW.—*Bail.—Bonds.*—A judgment for the full penalty of a bond in a criminal case is justifiable, where the prisoner failed to appear for trial. p. 134.

From Lawrence Circuit Court; *James B. Wilson,* Judge.

Action by The State of Indiana against Harry A. Axtell. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Robert G. Miller* and *Duncan & Batman,* for appellant.

*James Bingham,* Attorney-General, *Frederick N. Fletcher,* Prosecuting Attorney, *A. G. Cavins, H. M. Dowling* and *E. M. White,* for the State.

Roby, J.—This was a suit upon a forfeited recognizance. The court made a special finding and stated conclusions of law thereon in accordance with which judgment was rendered against appellant for $1,000, the penalty of the bond.

The finding shows that Charle's Hegwood was indicted by a grand jury of Monroe county for the crime of rape upon a child under the age of fourteen years; that a warrant was issued, and said Hegwood was arrested; that the sheriff of said county took him in custody July 8, 1905, and confined him in the county jail until July 25; that an order had theretofore been made by the Monroe Circuit Court in 1903, in the matter of fixing bail for persons charged with crime, fixing the amount of bail in charges of misdemeanors at from $100 to $300, and on charges of felony at from $500 to $1,000; that on July 25 appellant and said Hegwood executed the bond in suit in the penal sum of $1,000, conditioned upon the appearance of said Hegwood at the next term of court, and from day to day to answer to said charge; that the same was tendered to and accepted by the sheriff, and said Hegwood was released from custody; that a judgment of forfeiture was rendered on November 14, 1905, as shown by a *nunc pro tunc* entry made in May, 1906; that the sheriff approved and accepted said bond, and filed the same with the clerk of the Monroe Circuit Court; that the consideration therefor was the release of Hegwood from jail until the trial; that the indictment against Hegwood is still pending; that on November 14, 1905, the cause was

called for trial; that the defendant had absconded, and was absent without excuse; that he was three times called and wholly made default; and that appellant was thereupon three times called to bring the body of his said principal into court, and made default.

It is objected that the entry fixing the amount of bail to be required was only operative for the term at which it was made, the statute requiring that the order be made on

1. the first day of each term. §1995 Burns 1908, Acts 1905, p. 613, §124. This particular objection was made in *Carmody* v. *State* (1886), 105 Ind. 546, and the rule laid down in that case governs this one. The exercise of a discriminating judgment was in noway invoked by appellant's principal or by the appellant. No question was made but that the amount fixed in the order was moderate and fair. Had the bond required been challenged as excessive, it would then have become the duty of the judge of the Circuit Court to determine and fix the amount of bail; but one who secures liberty by accepting the amount fixed by such an order as is shown cannot, nor can his surety, escape liability on the ground stated.

The *nunc pro tunc* entry shows that a judgment of forfeiture was rendered before this action was brought. The finding of the making of such order, accompanied by

2. the order-book entry, is not a finding of evidentiary facts only. The averment of the complaint is that the bond sued on was given to secure the release of

3. Hegwood upon a charge of assault and battery with intent to commit rape. The complaint might have been amended, and will be regarded in this court as amended. §700 Burns 1908, §658 R. S. 1881.

Many objections are urged against the complaint. That pleading, with which a copy of the bond was filed, shows that the bond in suit was executed to secure the re-

4. lease of Hegwood, who was held to answer a charge of felony; that the amount was fixed by order of

court; that Hegwood failed to appear for trial, and that judgment of forfeiture was entered before the commencement of this action. It was substantially sufficient on demurrer. *Carmody* v. *State, supra.*

There is very little appearance of merit in this appeal. The principal in the recognizance was arrested, was in jail, and was released upon giving the bond in suit. The parties executing it "become bound thereby to the full extent contemplated by the law requiring such recognizances as a condition precedent to the release of the principal." *Bernhamer* v. *State* (1890), 123 Ind. 577, 579; §2024 Burns 1908, Acts 1905, p. 584, §153.

Judgment affirmed.