## LOUISVILLE AND SOUTHERN INDIANA TRACTION COMPANY *v.* LLOYD.

[No. 8,354. Filed June 4, 1914. Rehearing denied December 18, 1914. Transfer denied January 28, 1915.]

1. APPEAL.—*Waiver of Error.—Briefs.*—Errors assigned, but not considered in appellant's brief, are waived. p. 41.

2. APPEAL.—*Review.—Ruling on Motion to Make Specific.*—Where the complaint in a passenger's action against a street car company for personal injuries fully advised defendant as to the case it was called upon to meet, a motion to make the complaint more specific by calling for details of evidence, and for information on points fully and clearly covered by the averments of the complaint and more fully in the knowledge of defendants was properly overruled. p. 41.

3. APPEAL.—*Review.—Grounds for New Trial.—Waiver.*—Specifications in the motion for new trial are waived by failure to present them in the brief on appeal. p. 42.

4. WITNESSES.—*Credibility.—Instructions.*—An instruction that in case of any apparent contradiction in the testimony of different witnesses, the jury should harmonize such contradictions so as to give full weight and credit to all the witnesses, but that if it were impossible to reconcile same so as to believe all the witnesses, the jury should determine for itself which witnesses it would believe, was substantially correct, and not harmful, when considered with other instructions on the credibility of witnesses and the weight of testimony. p. 42.

5. CARRIERS.—*Injuries to Passengers.—Negligence.—Collision of Trains.—Instructions.*—An instruction that where a collision between two passenger cars of defendant is caused by the negligence of defendant's servants in charge of such cars, while operating same, defendant can not say, in defense to a passenger's action for injuries resulting from the collision, that it could not anticipate that its servants would be negligent, and stating that under such circumstances the negligence of the servants is that of the defendant itself, for which it must respond in

damages to any of its passengers who without fault are injured thereby, was not argumentative, and correctly stated the law applicable to the circumstances therein enumerated.  p. 43.

6. APPEAL.—*Review.—Pleading.—Proof.—Variance.*—Under a complaint to recover for personal injuries, which alleged that plaintiff had expended large sums of money for medical, surgical and nurse hire, the admission of evidence as to the value of services of plaintiff's sister in nursing plaintiff was not erroneous on the ground that no contract to pay for such services was shown, and that the complaint did not warrant the admission of such evidence where it appeared the parties lived together as a common family, since, if the complaint was not broad enough to admit such evidence it could have been amended under the provisions of §§400, 401 Burns 1914, §§391, 392 R. S. 1881, and, under §700 Burns 1914, §658 R. S. 1881, it must be regarded on appeal as having been so amended.  p. 44.

7. TRIAL.—*Objections to Evidence.—Variance.*—Objection to the introduction of evidence on the ground of variance between the proof and the allegations, to be sufficient must be that the party is not ready to meet the evidence.  p. 46.

8. APPEAL.—*Review.—Evidence.—Instructions.*—Where evidence was properly admitted on the value of the services of plaintiff's sister in nursing plaintiff, instructions on the measure of damages properly included such element.  p. 46.

9. APPEAL.—*Review.—Harmless Error.—Refusal of Instruction.*—The refusal of a requested instruction is not error, where its subject-matter was fully covered by the instructions given.  p. 46.

From Harrison Circuit Court; *William Ridley,* Judge.

Action by Alva Z. Lloyd against the Louisville and Southern Indiana Traction Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*George H. Voigt* and *C. W. Cook,* for appellant.
*Evan B. Stotsenburg* and *John H. Weathers,* for appellee.

FELT, C. J.—Appellee recovered a judgment against appellant for $6,000, damages for personal injuries received by her through the alleged negligence of appellant while she was alighting from one of its cars. The undisputed facts are in brief as follows: Appellant operates a street car system in the city of New Albany, Indiana. Among other lines it has two lines on West Spring Street in said city, one known as the Spring Street line and the other the Silver

Hills line, and both are operated over the same single track. On September 3, 1910, appellee took passage on the Silver Hills line to be carried westward on Spring Street to the intersection of West Fifth Street where said car stopped on signal. As the car approached said crossing appellee rang the bell, and in obedience to her signal, the motorman stopped the car at said crossing, at the usual place for receiving and discharging passengers. After the car stopped appellee got up from her seat and proceeded to the rear platform of the car. Just as she reached it and was in the act of going upon the step to alight, the servants of appellant operating one of its Spring Street cars, which was following immediately in the rear of said Silver Hills car, ran said car with great force against said Silver Hills car and knocked appellee to the street and injured her. The collision occurred in daylight and on a straight track.

Appellant's assignment of errors relied on for reversal, contains nineteen specifications of error. All of said specifications except 1, 12, 13 and 19 are waived by failure to consider them in the briefs. Of the errors not waived, specifications 1, 12 and 13 relate to appellant's motion, filed May 4, 1911, to require appellee to make her amended complaint more specific. Said motion contains fifteen separately numbered paragraphs, calling for more specific allegations on almost an equal number of points. The record shows that this motion was overruled by the court and an exception reserved by appellant. The complaint is specific in its allegations constituting the charges of negligence and fully advised appellant as to the case it was called upon to meet. Many of the specifications of the motion called for details of evidence not necessary or proper in a pleading. Other specifications called for information on points which were fully and clearly covered by the averments of the complaint, and the others called for information on points which, from their nature and character, were matters of detail more fully in the

knowledge of appellant than of appellee and in no sense necessary to a full and complete statement of the cause of action. There was no error in overruling said motion.

Appellant's nineteenth specification of error is the overruling of its motion for a new trial. Under this motion appellant relies on the court's action in the giving of instructions Nos. 6, 12, 14 and 15, at the request of appellee, and the refusal to give instruction No. 25 tendered by appellant, and on the admission of certain evidence over its objection. All other grounds are waived by failure

3. to present them in the briefs. Instruction No. 12, of which complaint is made, relates to the duty of the jury in determining the credibility of witnesses

4. and the weight of their testimony, and concludes as follows: "In case there is any apparent contradiction in the testimony of the different witnesses who have testified in the case, it is your duty to harmonize such contradictions so as to *give full weight and credit to all the witnesses;* but if you can not so reconcile such apparent contradictions, if any, so as to believe all the witnesses, then you must determine for yourself what witness you will believe and what you will not." (Our italics.) Appellant contends that this required the jury in case of contradiction of witnesses, to harmonize such contradiction so as to give full weight and credit to all the witnesses; that it ignores the real duty of the jury to weigh the evidence and give such credit to the witnesses as it may deem them entitled to receive. By instruction No. 11 the jurors were told that they were exclusive judges of the evidence and had the right to determine for themselves what facts had been proven and what facts had not been proven; that if there was any conflict in the testimony they must reconcile it if they could, so as to believe all the witnesses; that if they could not do so, they might believe or disbelieve any witness or witnesses as they might or might not determine them entitled to credit. When instruction No. 12 is considered in its

entirety and in connection with the preceding one we do not think it was misleading or that it invaded the province of the jury as to the credibility of the witnesses or the weight to be given to their testimony. It was substantially correct and did not harm appellant. *Lynch* v. *Bates* (1894), 139 Ind. 206, 209, 38 N. E. 806.

Instruction No. 6, of which complaint is made reads as follows: "Where a collision between two passenger cars on the railroad of a common carrier is caused by the negligence of such carrier's servants in charge of said cars, while operating the same, it will not be permitted to say in defense to an action for damages brought by one of its passengers who may have been injured in such collision, that it could not anticipate that its servants would be negligent. Under such circumstances the negligence of the carrier's servants is the negligence of the carrier itself, and it must respond in damages to any of its passengers who without fault, are injured thereby." It is urged against this instruction that it fails to state that before appellant would be liable for the acts of its servants such servants must be acting in the line of their duties and further that it is argumentative. The instruction as a whole is not argumentative and correctly states the law applicable to the circumstances therein enumerated. *Louisville, etc., R. Co.* v. *Wood* (1888), 113 Ind. 544, 14 N. E. 572, 16 N. E. 197; *Evansville Furn. Co.* v. *Freeman* (1915), 57 Ind. App. 576, 105 N. E. 258, 107 N. E. 27.

Appellant objects to appellee's instructions Nos. 14 and 15 on the question of damages. Instruction No. 15 enumerates the different items of recovery including nursing and medical bills The objection made to these instructions is the same as that made to the admission of evidence as to the value of the nursing performed by the sister of appellee, viz., that the allegations of the complaint are not broad enough to authorize such proof. We first consider the admissibility of the evidence.

It is claimed that the court erred in admitting evidence of the value of the services of appellee's sister who was shown to have nursed her while suffering from her alleged injuries. The objections were on the ground that there was no evidence tending to prove a contract express or implied by which appellee agreed to pay her sister for such services; that they lived together as a common family; that the allegations of the complaint do not warrant the admission of such evidence. Appellant concedes in its briefs that under proper averments in an action for damages for personal injuries, there may be a recovery for the value of the services of a nurse, even though such services are rendered gratuitously and without compensation, but insists that there can be no such recovery where the allegations of the complaint are that money was expended for nurse hire. It is alleged in the complaint: "That she received concussion of the spine, had her sides, back and limbs wrenched, injured, bruised and hurt and injured her internally, causing her to be sick, sore, lame and diseased so that she has been ever since confined to her bed and under the care of a physician, and will so continue for a long period of time, had her nervous system greatly shocked and injured, has been caused to suffer great bodily pain and mental anguish, and has been compelled to expend on account of her said injuries, large sums of money for medicines, medical, surgical and nurse hire, to wit, two thousand dollars; that as a result of her said injuries the plaintiff in the future will be compelled to expend a large sum of money for medicine, medical, surgical and nurse hire, the exact amount of which plaintiff is not able to state; that as a result of her said injuries, her lower limbs and her body are paralyzed. * * * that her said injuries heretofore set out herein are permanent." Appellee contends that these allegations are broad enough to permit proof of the value of the nursing done by her sister, and if not broad enough so to do, that the complaint will be deemed to have been so amended as

to authorize such proof. Whether the complaint as drawn may be so construed as to authorize proof of the value of services for nursing done by appellee's sister, is not material to the decision of the question presented. Section 400 Burns 1914, §391 R. S. 1881, provides: "No variance between the allegations in a pleading and the proof is to be deemed material unless it have actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. Whenever it is alleged that party has been misled, that fact must be proved to the satisfaction of the court, and it must be shown in what respect he has been misled; and, thereupon, the court may order the pleading to be amended on such terms as may be just." Section 401 Burns 1914, §392 R. S. 1881, provides: "Where the variance is not material, as provided in the last section, the court may direct the fact to be found according to the evidence, or may order an immediate amendment, without costs." Section 700 Burns 1914, §658 R. S. 1881, provides that where a pleading might have been amended by the lower court, such defects, on appeal will be deemed amended. The complaint in this case fully advised appellant that a claim for nursing was included in the demand. It would have required only a technical amendment to make it clearly include the value of such services rendered, but not paid for, and appellant would not have been harmed by such amendment if made at any time before or during the trial. No variance between the pleadings and proof is material which does not harm the complaining party, and this court will consider the complaint amended so as to conform to the proof of the value of the services for nursing appellee. *M. S. Huey Co.* v. *Johnston* (1905), 164 Ind. 489, 496, 73 N. E. 996; *Axtell* v. *State* (1909), 43 Ind. App. 131, 133, 86 N. E. 999; *Driscoll* v. *Penrod* (1911), 176 Ind. 19, 25, 95 N. E. 313; *Crawfordsville Trust Co.* v. *Ramsey* (1912), 178 Ind. 258, 98 N. E. 177.

Furthermore, a mere objection to the introduction of evi-

dence based on the ground of variance between the proof and the allegations is not sufficient to present the question. Objection must be made to the trial court that the party is not ready to meet the evidence. *M. S. Huey Co.* v. *Johnston, supra.* There is in this case a further reason why appellant was not surprised or harmed by the proof of the value of said services. Appellee's deposition was taken some time before the trial and showed that proof of the value of services for nursing appellee would be offered. The case comes clearly within the provisions of the statutes aforesaid. As it was not error to receive the evidence complained of it follows that no error was committed by the giving of instructions Nos. 14 and 15 as above stated.

Instruction No. 25 tendered by appellant and refused by the court dealt with the duty of the jury in considering and weighing the evidence. The court gave a number of instructions on this subject tendered by appellant and some tendered by appellee. Those given fully covered all phases of the subject and were as favorable to appellant as the law will warrant. No reversible error is shown. Judgment affirmed.

NOTE.—Reported in 105 N. E. 519. As to what is deemed to be invasion by court of jury's province, see 14 Am. St. 36. As to presumption of negligence from injury to passenger by collision, see 13 L. R. A. (N. S.) 608, 29 L. R. A. (N. S.) 812. As to amendment of pleading in appellate court to conform to proof, see Ann. Cas. 1913 E 1315. As to reversal of judgment for technical violation of rule that allegation and proof must agree, see Ann. Cas. 1913 D 68. See, also, under (1) 2 Cyc. 1014; 3 Cyc. 388; (2) 6 Cyc. 627; 31 Cyc. 646; (3) 2 Cyc. 1014; (4) 38 Cyc. 1724, 1738; (5) 6 Cyc. 598; 6 Cyc. 1913 Anno. 632—new; (6) 31 Cyc. 448; 3 Cyc. 258; (7) 31 Cyc. 756; (8) 13 Cyc. 239; (9) 38 Cyc. 1711.