## PEARCY v. FLOYD COUNTY LUMBER COMPANY.

[No. 22,960. Filed February 20, 1917.]

1. TRIAL.—*Instructions.*—*Consideration of Evidence.*—In determining any material question in issue the jury has the right to consider all of the evidence pertinent thereto, whether introduced by the party having the burden of such issue or by his opponent, and an instruction which limits the jury to a consideration of the evidence introduced by the party having the burden of the issue to the exclusion of other evidence is erroneous. p. 137.

2. APPEAL.—*Review.*—*Instructions.*—*Harmless Error.*—In an employe's action for injuries received while operating a saw, liability being predicated on the failure to have the saw properly guarded in compliance with §8029 Burns 1914, Acts 1899 p. 231, 234, where there was nothing contained in defendant's evidence tending to support plaintiff on the issue whether the saw could have been guarded without destroying its sufficiency for the purpose for which it was used at the time of the injury, error in an instruction excluding defendant's evidence from the consideration of the jury was harmless. p. 138.

From Washington Circuit Court; *Wiliam H. Paynter,* Judge.

Action by Noah Pearcy against the Floyd County Lumber Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*H. W. Phipps* and *Mitchell & Mitchell,* for appellants.

*John T. Suggs, W. W. Hottel, Charles L. Jewett* and *Henry E. Jewett,* for appellee.

LAIRY, C. J.—This was an action by appellant to recover damages for an injury to the fingers of his left hand which came in contact with an unguarded saw in

appellee's shop. The issues formed by an amended paragraph of complaint and a general denial were tried by a jury and a verdict was returned in favor of appellee and denying a recovery. Appellant's motion for a new trial was overruled and this ruling is assigned as error. On appeal appellant asks that the judgment be reversed upon the proposition that the jury was not correctly instructed in certain instances.

It is appellant's theory that he was injured by reason of the negligence of appellee in failing to comply with §8029 Burns 1914, Acts 1899 p. 231, 234, which provides for the guarding of certain machinery. It is practically conceded that the saw in question was not guarded; that appellant was in the employ of appellee at the time he was injured; and that appellant was injured while operating the unguarded saw. Appellee contended, however, that the saw could not have been guarded without interfering with its efficient use, and that, therefore, a fact indispensable to appellant's right of action did not exist.

Appellant asserts that the trial court committed error in giving instructions numbered one and two requested by appellee, for the reason, as claimed, that such instructions confine the jury to a consideration of the evidence introduced by appellant in determining whether he had proved the material allegations of his complaint, and excluded from its consideration all evidence introduced by the defendant which might tend to sustain the material facts upon which appellant relied for a recovery.

In determining any material question in issue the jury has a right to consider all of the evidence introduced at the trial which bears upon such question, whether introduced by the party having the burden of such issue or by his opponent; and an instruction which limits the jury to a consideration of the evidence introduced by the party having the burden of

the issue to the exclusion of other evidence in the case has been held to be erroneous. *Indianapolis St. R. Co. v. Taylor* (1901), 158 Ind. 274, 63 N. E. 456; *M. S. Huey Co. v. Johnston* (1904), 164 Ind. 489, 73 N. E. 996.

In this case, however, the instructions under consideration could not have harmed appellant, even though it be conceded that they were open to the objections urged against them. The negligence on which appellant relied for a recovery was the failure of appellee to guard the saw which appellant was using at the time he received his injury. By answers to interrogatories the jury found that appellant was using the saw at the time he was injured for the purpose of rabbetting a piece of timber, and that it was impossible to guard the saw when being used for that purpose without practically destroying its usefulness and efficiency for such purpose. It thus appears that the jury decided this material issue of fact adversely to appellant. If the instructions under consideration influenced this decision by excluding from the consideration of the jury any pertinent evidence favorable to appellant, they were prejudicial, but if they did not do so, they were harmless. The evidence introduced by appellee has been carefully examined, and nothing can be found therein which lends the least support to appellant on the material issue involved. A consideration of the evidence introduced by appellee could not have produced a different result, and therefore if the consideration of such evidence was excluded from the jury by the instructions questioned, the error was harmless.

As before stated, the answers to interrogatories show that the facts upon which appellant based his right to recover did not exist. It thus appearing that appellant had no right of action against appellee, no instructions, however erroneous, could constitute reversible

error unless they were such as might have influenced the answers to the interrogatories. The instructions which might have affected such answers having been discussed, the others need not be considered. Judgment affirmed.

NOTE.—Reported in 115 N. E. 90. See under (1) 17 Cyc 799.