## FREAS *v.* CUSTER.

[No. 25,761.   Filed May 15, 1929.]

160

*Walter O. Lewis,* for appellant.

TRAVIS, J.—Appellant pleads error upon the overruling of his motion for a new trial, because the finding of the court is not sustained by sufficient evidence and is contrary to law. Appellant's proposition is that the evidence proved a cause of action not within the allegations of the complaint, in that the complaint is upon an implied contract, and the finding is upon evidence which proved an express oral contract; and makes the point that this evidence constitutes a variance from the complaint, which amounts to a failure of proof; and says that the rule *secundum allegata et probata* applies.

This suit was instituted in a court of a justice of the peace. From a judgment in favor of appellee, an appeal was taken to the circuit court, where appellee recovered the judgment from which this appeal was taken.

To sustain appellant's point under his proposition, it must be founded upon the premise that the complaint for a suit in a court of the justice of the peace must be as formal and complete in its allegations as is necessary under the procedure in a circuit court. The complaint at bar states that plaintiff is and was on the date of beginning the medical service for defendant, a licensed physician, and that defendant is indebted to him in the sum of $60 for medical services which were given at defendant's request, according to a bill of particulars made a part of the complaint, which money is due and unpaid. The bill of particulars, which is in form a statement of account, is for such services at the price of $100, which was reduced by two payments

which aggregated $40. The complaint proper did not depart in any particular from the statement of account; it was not inconsistent with the statement; it added nothing to the statement. The account as stated in the bill of particulars was sufficient to constitute a complaint in the court of the justice of the peace. *Denby* v. *Hart* (1835), 4 Blackf. (Ind.) 13.

The statement of account, which was a part of the complaint by reference, advised the defendant of the nature and amount of plaintiff's demand, and it is sufficiently specific upon which to base a judgment that may be pleaded *res judicata*. Such a pleading is all that is required for a complaint in a suit in a court of a justice of the peace, and is sufficient on appeal to a circuit court. *Denby* v. *Hart, supra; Milholland* v. *Pence* (1858), 11 Ind. 203, 204; *Smith* v. *City of New Albany* (1910), 175 Ind. 279 (15), 93 N. E. 73.

Appellant's point that the proof is at variance with the complaint is not presented for consideration. The brief does not disclose that appellant made objection to any question which elicited evidence, or moved to strike out an evidentiary answer to any question. If a question asks for evidence which would, if given, be at variance with the pleading which is the subject of proof, objection ought to be made at the time, and if the objection is overruled by the court, and a review is to be asked of the decision, he must except to the decision. These acts must have been done at the trial, to form a basis for review on appeal. Objection cannot be made for the first time upon the review of the case on appeal. *Krewson* v. *Cloud* (1873), 45 Ind. 273; *Hartwell Bros.* v. *Peck & Co.* (1904), 163 Ind. 357, 71 N. E. 958; *Huey Co.* v. *Johnson* (1905), 164 Ind. 489 (8), 73 N. E. 996.

Appellant earnestly presents the point that, where a pleading is unproved in its general scope and meaning,

there is a failure of proof, and not a variance in support of his general proposition. He premises that "the complaint purports to be drawn on the theory of an implied contract, and seeks recovery on the *quantum meruit*"; and that "the evidence disclosed a parol, express, special contract between the parties"; from which the conclusion is drawn that there was a failure of proof, and that recovery must be *secundum allegata et probata,* or not at all. The complaint does not bear the construction made by appellant. It pleads an account of money due and unpaid, neither more nor less, which may be due upon an express oral contract. Although the complaint did not allege an express oral contract specifically in support of the demand, the evidence to prove that ultimate fact was competent, by virtue of the statute which governed the form of the complaint. §1889 Burns 1926. *Denby* v. *Hart, supra; Crocker* v. *Hoffman* (1874), 48 Ind. 207; *Smith* v. *Heller* (1889), 119 Ind. 212, 21 N. E. 657.

The point made by appellant that, where a pleading is unproved in its general scope and meaning, there is a failure of proof, is particularly applicable. Every material allegation of the complaint and statement of account was proved, and besides, proof was made of the contract upon which the balance due on the account was founded. The general scope of the case, as pleaded, was proved by unchallenged, competent evidence. If appellant believed that "some particular or particulars" pleaded were not proved by sufficient evidence, he should have brought it to the attention of the court, which was not done. Therefore, it is not before the court for review. The statute controls appellant's point last above stated. §420 Burns 1926.

If, to prove the basis of the demand as pleaded, plaintiff put in evidence facts not specifically alleged, but

which facts so proved were germane to the allegations of the demand, and did no more than to prove the basis of the demand, the statutory rule of proof was not violated (§1928 Burns 1926). The evidentiary facts which proved the express oral contract between the parties were within the confines of the allegations of the complaint, viz., that the demand rested upon contract. The complaint might have been amended before or during trial to meet the proof. §1904 Burns 1926. The amendment might have been made without injury to the defendant, for he was not actually misled to his prejudice by the evidence which proved the contract. Objection was not made for this reason, neither did appellant show in what respect he had been misled; in truth, appellant made no objection whatever. §418 Burns 1926. The evidence complained of was given without objection; it was germane to the issue presented by the informal complaint; and even though the complaint be defective in the particular stated, it might have been cured by amendment in the trial court. The complaint will be supported in review on appeal by deeming such defects to be amended to conform to the evidence. §725 Burns 1926.

Appellant says the contract is void under the statute of frauds because it was not in writing and was not to be performed within one year from the time it was made. The evidence does not support this point. It does not prove directly or by inference that the contract was not to be performed within one year. If it be granted for the sake of consideration here only, that the performance of the contract by plaintiff depends upon the contingency that the cure of defendant may or may not occur within a year from the making of the contract, the contract is not within the statute of frauds. *Marley* v. *Noblett* (1873), 42 Ind. 85.

Appellant says the amount of the recovery is too large,

for the reason, as premised, that the full contract price is not recoverable except upon full performance, and that the proof was of partial performance only. The evidence which supports the court's finding does not support the premise of partial performance. There is evidence to support proof of full performance of all the covenants to be performed by the plaintiff.

Judgment affirmed.