## HERSHMAN *v.* HERSHMAN.

CONVEYANCE.—*Condition Subsequent.*—*Complaint to Cancel Deed and Recover Land.*—*Demurrer.*—*Relief Regardless of Prayer.*—*Account for Rents, Improvements, etc.*—*Measure of Damages.*—A warranty deed, conveying certain lands, contained this stipulation: "This deed is upon  *  *  *

condition that the grantor * * * agrees to make her home with the" grantee, who "agrees to provide for and take care of the grantor during her natural life, and to be at all expense that may necessarily accrue for the maintenance of the" grantor. An action was instituted by the grantor, against the grantee, wherein the complaint alleged, that, commencing with a certain date, the grantee had "failed to provide for and support her, as required by the deed." Prayer, in one paragraph, that the deed be cancelled, and, in another paragraph, that the grantee be decreed a trustee of such land, required to give bond, and to account, etc.

*Held,* on demurrer, that the complaint is sufficient.

*Held,* also, that no question upon the uncertainty of the averments of the complaint is presented by the demurrer.

*Held,* also, that, regardless of the prayer of the complaint, the court may grant any relief to which, under the issues, the plaintiff is entitled.

*Held,* also, that such deed was upon a condition subsequent.

*Held,* also, that, for a failure by the grantee to perform such condition, the grantor may recover the real estate so conveyed, and have an account taken, charging the grantee with the rents of the whole tract conveyed, including any portion cleared by him, and crediting him with the value of improvements made, rents paid, and any partial performance, by him.

SAME.—*Notice.—Estoppel.*—A person contracting with the grantee of such deed, upon the faith of the arrangement between the grantee and grantor, is bound to take notice of such condition subsequent.

PRACTICE.—*Venire de Novo.—Verdict.*—A venire de novo is only awarded when the verdict is uncertain, or fails to find upon all the issues, or to assess damages.

SAME.—*Special Verdict.*—Where both a general and special verdict is found, and the former finds, though only inferentially, upon all the issues, it is not necessary to the validity of the latter that it find upon the whole case.

SAME.—*Form of Verdict.—Failure to Instruct Jury.*—Where, in such case, the jury has not been instructed as to the form of their verdict, the joinder of their general and special verdict does not invalidate either.

SAME.—*Judgment non Obstante.*—Judgment on the special verdict, notwithstanding the general verdict, can be had only where the former is repugnant to the latter.

From the Hamilton Circuit Court.

*D. Moss* and *T. J. Kane,* for appellant.

*J. W. Evans* and *R. R. Stephenson,* for appellee.

PERKINS, J.—Susannah Hershman executed to Charles Hershman a deed, of which the following is a copy:

"This indenture witnesseth, that Susannah Hershman,

of Hamilton county, in the State of Indiana, convey and warrant to Charles Hershman all my interest in and to the real estate below described, of Hamilton county, in the State of Indiana, for the sum of one dollar, the receipt whereof is hereby acknowledged, the following real estate in Hamilton county; State of Indiana, to wit : The west half of the north-east quarter, and the east half of the north-west quarter, of section No. thirty-three (33), in township No. twenty (20) north, of range four (4) east, one hundred and sixty acres ; also, beginning at the south-west corner of the south-east quarter of section No. twenty-eight (28), township No. twenty (20) north, of range No. four (4) east, thence east forty-two (42) rods, to a stone marked C. No. 1, witnessed by a stone marked W. south 14 links; thence north 38 rods and 2 links to a stone marked C. 2, witnessed by a stone marked W. west 14 links, thence west forty-two (42) rods to a stone marked C. 3, witnessed by a stone marked W. N. 2 links, thence south to the place of beginning; containing in all one hundred and seventy acres. This deed is upon this condition, that the grantor, Susannah Hershman, agrees to make her home with the said Charles Hershman, and the said Charles Hershman agrees to provide for, and take care of, the grantor during her natural life, and to be at all expense that may necessarily accrue for the maintenance of the said Susannah."

Dated the 14th day of June, 1870.

This deed was duly executed and recorded.

The complaint in this suit alleges in its first paragraph, that said Susannah, on the day of the date of said deed, put said Charles Hershman in possession of the land described in it, and commenced to reside with him, and continued so to reside till the 1st day of August, 1874, but that he failed to provide for and support her, as required by the deed, and she prays that it may be cancelled, etc.

In a second paragraph, the same general facts are alleged, and the paragraph closes with a prayer, that the said Charles Hershman be decreed a trustee of said land, and required to give bond, and account, etc.

A common count for services, etc., is added, as a third paragraph.

Demurrers to these paragraphs, for want of facts, were overruled, and exceptions entered.

Answer in two paragraphs:

1.  General denial;

2.  In confession and avoidance.

Reply in general denial to the second paragraph.

Trial by jury. Verdicts for plaintiff, as follows:

"We, the jury, find for the plaintiff, and assess her damages at three hundred and eighty-six dollars.

"J. E. Whistler, Foreman.

"And we, the jury, find the following special verdict, in addition to our general verdict:

"1.  We find, that the plaintiff conveyed to the defendant the lands described in the complaint, for the sole and only consideration that the defendant agreed, in consideration of said conveyance to him, to provide for and take care of her, during her natural life, at the defendant's home, and be at all expenses that might necessarily accrue for the maintenance of the plaintiff;

"2.  We find that the plaintiff fully performed all the conditions of said contract on her part;

"3.  That the defendant has failed, ever since the 23d of December, 1870, to perform said contract on his part;

"4.  We find that the consideration of said conveyance has wholly failed;

"5.  We find, that, on the 26th day of August, 1874, the plaintiff, in order to be provided with a comfortable home, was compelled to leave and did leave the house of the defendant, and has ever since remained away;

" 6. We find that the rents and profits of said land, since the date of said deed, are worth, in gross, nine hundred dollars, and that the defendant has had the full benefit of the same;

" 7. That the services rendered and goods furnished by the defendant to the plaintiff, under said contract, are of the reasonable value of two hundred and eighty dollars ;

" 8. That the plaintiff is entitled to have said contract rescinded, and to have the title to said land restored and reinvested in her ;

" 9. We, the jury, find for the defendant $234 for improvements.          J. E. WHISTLER, Foreman."

This was on the 1st day of October, 1875.

On the next day, October 2d, the defendant moved for a *venire de novo*, which motion was overruled, and exception reserved.

A motion for a new trial followed, was overruled, and exception reserved.

At this point the plaintiff moved for a judgment in her favor on the special findings, but it was overruled, and exception saved.

The defendant then moved for a judgment in his favor for two hundred and thirty-four dollars on the special findings, but it was overruled, and he excepted.

The court thereupon rendered the following judgment and decree :

" And now, on plaintiff's motion, it is ordered, adjudged and decreed by the court, that the plaintiff recover of the defendant the sum of three hundred and eighty-six dollars, being the amount of damage assessed by the jury herein. And it is further ordered and decreed by the court, that all the defendant's estate and interest to and in the following described land, situate in Hamilton county, Indiana, be declared forfeited from him, and the title thereto reinvested in the plaintiff, to wit, ' the undivided one-third

part of the west half,' " etc. [Here follows the description in the deed.] " It is further ordered, adjudged and decreed by the court, that the deed of conveyance to said lands, made by the plaintiff to the defendant, on the 14th of June, 1870, be set aside and held for naught, as fully as if the same were never made; and the plaintiff's title to the lands hereinbefore described, which were conveyed by said deed, be forever quieted as to all claims or interest held therein by the defendant, and the cloud cast thereby on the title thereon by said deed be removed."

And it is further ordered that the plaintiff recover costs, etc.

An appeal was taken to the Supreme Court.

The errors assigned in this court are:

1. Overruling each of the several demurrers to the paragraphs of complaint;

2. Overruling the motion for a *venire de novo* ;

3. Overruling the motion for a new trial ;

4. Overruling appellants' motion for judgment on the special findings, notwithstanding the general verdict; and,

5. Rendering judgment for the appellee on the general verdict of the jury.

The appellee has assigned as cross errors:

1. That the court erred in overruling her motion for a personal judgment against the appellant for six hundred and twenty dollars;

2. In refusing to render judgment in her favor against the appellant for six hundred and twenty dollars, upon the special verdict and finding of the jury, and she asks this court to direct the court below to pronounce a personal judgment in her favor, against the appellant, for said sum.

Before proceeding to consider the particular questions discussed in this case by counsel, we may properly lay down some general, undisputed propositions :

1.  The deed in this case, made by appellee to appellant, was upon conditions subsequent. *Cross* v. *Carson*, 8 Blackf. 138; *Hankins* v. *Lawrence*, 8 Blackf. 266; *Hefner* v. *Yount*, 8 Blackf. 455.

2.  Upon a failure to perform the conditions subsequent, the estate conveyed upon such conditions or condition became forfeited, and might be recovered by the grantor. *Scott* v. *Stipe*, 12 Ind. 74; *Leach* v. *Leach*, 10 Ind. 271; *Leedy* v. *Crumbaker*, 13 Ind. 523.

3.  Upon setting aside such conveyance, in a suit for that purpose, on account of the forfeiture, an account may be taken. *Leach* v. *Leach*, 4 Ind. 628. In this case it is said :

" Upon setting aside the conveyance it was proper to take an account. The defendant should be allowed for the money consideration, so far as he could prove he had paid it, with interest ; for the improvements made, and all rents paid ; and should be charged with the rents of the whole farm, including that portion by him cleared, from the time he went into possession of it. This is the proper and only mode of restoring the parties to their original situation." See *Thompson* v. *Thompson*, 9 Ind. 323; *Blossom* v. *Ball*, 32 Ind. 115.

4.  On the forfeiture, by breach of conditions subsequent, the same estate conveyed, be it large or small, returns to the grantor in the conveyance. *Scott* v. *Stipe*, 12 Ind. 74.

We proceed to the consideration of the errors assigned :

1.  The demurrers were properly overruled to the paragraphs of the complaint. The objection made by counsel in argument, to the first paragraph, is want of certainty. The paragraph was sufficiently certain to withstand a demurrer. A motion that it be made more certain was not interposed. The objection urged to the second is, that its prayer was not appropriate. Where an issue is made and

tried in a cause, the court may grant any relief consistent with the case made by the complaint and embraced within the issue, without regard to the prayer for relief in the complaint. 2 R. S. 1876, p. 188, sec. 380, and notes. No objection is seriously urged to the third paragraph.

2. There was no occasion for a *venire de novo*. This writ issues when the verdict is uncertain, or finds less than the issues, or fails to assess damages. The verdict in the case before us is certain; it finds the whole of the issues, and assesses damages. It is composed of two parts, viz., a general verdict upon all the issues, and a special ver dict finding facts.

The general verdict being a finding upon all the issues, it was not necessary to the validity of the special verdict that it should find upon the whole case. Had there not been a general verdict, it would have been different. *Morse* v. *Morse*, 25 Ind. 156.

As there was no instruction by the court as to the form of the verdict, this joining the two in one did not vitiate it, and it was not objected to on this ground. See *Skillen* v. *Jones*, 44 Ind. 136.

The general verdict was for the plaintiff, upon all the issues. It found by implication, that, as to the estate held upon condition subsequent, the condition had been broken, and, as a consequence, the estate forfeited; it found in like manner the alleged defences unsustained by evidence, and it found damages.

The special verdict found facts. And the question now is, are they repugnant? If the special finding of facts can, upon any hypothesis, be reconciled with the general verdict, the latter must stand. *Amidon* v. *Gaff*, 24 Ind. 128; 2 R. S. 1876, p. 172, and notes.

The special finding in this case is in perfect accord with the general verdict. An examination of them will satisfy any one of this.

In the matter of damages we may observe, that the
amount found in the general verdict was............... $386
In the special finding of facts, it is stated, that the
defendant (appellant) received, of rents,........ ...... 900
That he had made improvements of the value of...... 280
That he had a claim against plaintiff (appellee) of... 234

Making, in the aggregate, credits to the amount of... $514
Which, subtracted from rents, leaves.......................$386
the amount of the verdict.

3.   The ground of the motion for a new trial was, that
neither the general nor special verdict was sustained by
evidence.

The evidence was conflicting.   We can not say it did
not justify the verdicts.

4.   As we have seen, the general and special verdicts
were not repugnant.

5.   As to rendering judgment on the general verdict,
the statute enacts, 2 R. S. 1876, p. 186, secs. 370, 371, that,
" When a trial by jury has been had, and a general ver-
dict rendered, the judgment must be in conformity to the
verdict.

"Where the verdict is special, or where there has been a
special finding on particular questions of fact, the court
shall render the proper judgment."

There is nothing in the cross errors assigned.

One other question may properly be noticed. It is claimed,
that the plaintiff (appellee) was estopped to claim the for-
feiture of the land in question in this case, on breach of
the conditions subsequent, for the reason that, at the time
she made the deed containing such conditions, property
was exchanged and money passed between Charles Hersh-
man, appellant, and his brother, one James K. Hershman,
with mutual knowledge and consent of the parties, on the
faith of the arrangement between the appellant and ap-
pellee.

These alleged facts were set up in a paragraph of answer, upon which issue was taken, and the general verdict of the jury was against the defendant (appellant), on the answer. This, in legal effect, found, that there was no such understanding or knowledge, as alleged in the answer. Besides, said James K. Hershman was not a party to this suit. Nor do we now decide, that, had the facts alleged in the paragraph of answer existed, any estoppel upon the appellee to claim the forfeiture created by the wrongful act of the appellant, was created. Both brothers would be bound to take notice of said conditions.

The judgment is affirmed, with costs.