## HARTWELL BROTHERS *v.* WILLIAM E. PECK & Co.

[No. 20,422. Filed October 13, 1904.]

TRIAL.—*Failure of Proof.*—Where it is claimed that there is a failure of proof, it must be shown that the allegations of the complaint are unproved in their general scope and meaning and not merely in some particulars, since by statute (§§394, 395 Burns 1901) it is provided that no variance between the allegations and proof shall be deemed material unless it misleads the adverse party to his prejudice on the merits. *p. 359.*

SAME.—*Variance.—Amendment.*—Whenever a variance between the pleading and proof is claimed it must be shown to the trial court in what respect the adverse party has been misled, and the court may order the pleadings amended on such terms as the court thinks just in accordance with §395 Burns 1901. *p. 359.*

SAME.—*Variance.—Objection by Adverse Party to Variant Evidence.—Waiver.*—Where an adverse party fails at the trial to object to evidence claimed

to be a variance from the allegations, the objection can not be raised on appeal and will be considered as waived.  *p. 360.*

TRIAL.—*Erroneous Admission of Evidence.—New Trial.*—The erroneous admission of evidence constitutes a ground for a new trial, and unless so assigned no question can be raised thereon. *p. 360.*

From Knox Circuit Court; *O. H. Cobb,* Judge.

Action by William E. Peck & Co., a corporation, against Hartwell Brothers, a corporation.   From a judgment for plaintiff, the defendant appeals.   Transferred from the Appellate Court under §1337u Burns 1901. *Affirmed.*

*J. S. Pritchett, B. M. Willoughby* and *J. M. House,* for appellant.

*C. B. Kessinger,* for appellee.

MONKS, J.—This action was brought by appellee, a corporation, against appellant, a corporation, to recover a balance alleged to be due on a written contract.   A trial by the court resulted in a finding and judgment in favor of the appellee for $131.25.

The error assigned and not waived calls in question the action of the court in overruling appellant's motion for a new trial.

One of the causes assigned for a new trial is "that the decision of the court is not sustained by sufficient evidence."   Appellant insists that "the decision of the court is not sustained by sufficient evidence because there is an entire failure of proof of the facts essential to support the action, and because the evidence fails to support the allegations of the complaint."   The suit is upon a written contract, which is set out in the complaint in full.   By this contract, which was dated February 21, 1901, appellee agreed "to insert the illustrations, description lists, etc., of appellant in Peck's Buyers' Index, one-eighth page, English and Spanish edition, for full year term thereafter until forbidden."   "In consideration of which appellant was to pay $175 per annum in quarterly installments."   It

appears from the evidence that Peck's Buyers' Index was published every six weeks in alternate English and Spanish (separate) editions; that there were eight publications each year; the first quarterly instalment of $43.75 was paid by appellant to appellee in July, 1901; that appellee made two publications, the English issue of April, 1901, and the Spanish issue of May, 1901, when appellant wrote appellee and requested that "the publication of their advertisement be discontinued until later in the year," "say six months." No further publications were made by appellee until January, 1902, when the same were commenced and continued until the issue of August, 1902—six publications—making in all eight publications, the number for one year. Appellant insists that as the evidence shows that the last six publications were not made within the "full year term" of the contract there was a failure of proof.

To constitute a failure of proof, the allegation of the claim or defense must be unproved, not in some particular or particulars only, but in the general scope and meaning. §396 Burns 1901, §393 R. S. 1881 and Horner 1901. It is provided in §§394, 395 Burns 1901, §§391, 392 R. S. 1881 and Horner 1901, that "No variance between the allegations in a pleading and the proof is to be deemed material, unless it have actually misled the adverse party, to his prejudice, in maintaining his action or defense upon the merits. Whenever it is alleged that a party has been so misled, that fact must be proved to the satisfaction of the court, and it must be shown in what respect he has been misled; and, thereupon, the court may order the pleading to be amended on such terms as may be just. Where the variance is not material, as provided in the last section, the court may direct the fact to be found according to the evidence, or may order an immediate amendment, without costs."

If appellant considered that there was a material variance between the allegations of the complaint and the evidence as to last six publications, he should have objected to

the introduction of this evidence when offered. It is not claimed in appellant's brief that such evidence was objected to when offered, or that any question was presented to the trial court in regard to the same at the time it was offered. Having failed to present the question of alleged variance to the court below, as provided in §394, *supra,* so that the questions enumerated in said section could be determined, and proper amendments ordered by that court, the objection can not be urged for the first time on appeal. *Latshaw* v. *State, ex rel.* (1901), 156 Ind. 194, 205, and authorities cited; *Krewson* v. *Cloud* (1873), 45 Ind. 273, 274; *Allen* v. *Hollingshead* (1900), 155 Ind. 178, 181, 182, and cases cited; *Steinke* v. *Bentley* (1893), 6 Ind. App. 663, 665, 666, and cases cited. 2 Woollen, Trial Proc., 727; 22 Ency. Pl. and Pr., 629, 630, 640; §670 Burns 1901, §658 R. S. 1881 and Horner 1901.

It is claimed that the court erred in admitting certain evidence, but as such ruling is not assigned as a cause for a new trial, that question is not before us for decision. Ewbank's Manual, §44.

Judgment affirmed.