## HORWITZ BROTHERS ET AL. *v.* DEDLOFF.

[No. 11,700.   Filed October 12, 1923.]

1. APPEAL.—*Review.*—*Variance Between Pleading and Proof.*—*Amendments Deemed Made.*—Where the defendant made no objections to the introduction of the evidence which they claim proved a contract different from the one sued on, and in no way, at the trial, presented to the court the question of the alleged variance, *held* that under §130 of the Civil Code (§400 Burns 1914, §391 R. S. 1881) the court on appeal must treat the complaint as having been amended to correspond with the evidence.   p. 389.

2. ACCORD AND SATISFACTION.—*Payment by Check Marked "In Full for Labor to Date."*—*Conclusiveness.*—In an action for

payment of labor performed where the employee was given a check on which was written the memorandum "In full for labor to date," *held* did not show conclusively an accord and satisfaction, where there was some evidence tending to show that the payment made by the check referred to a contract other than the one sued on. p. 390.

From Newton Circuit Court; *George A. Williams,* Judge.

Action by Tony Dedloff against Horwitz Brothers and another. From a judgment for plaintiff; the defendants appeal. *Affirmed.*

*Moses Leopold,* for appellants.
*Schuyler C. Irwin* and *Hanley & Hanley,* for appellee.

REMY, J.—The material averments of the complaint in this cause are, in substance, that appellee entered into a verbal contract with appellants by the terms of which appellee was to assist appellants in locating and purchasing onions, appellants agreeing to pay appellee for his services the sum of five cents a bag for all onions purchased by appellants, and loaded on the cars at the town of Newland. Appellants purchased 5,500 bags of onions which were delivered to them at Newland, in the purchase of which appellee, in accordance with his contract, did all that was required of him, for which the sum of $275 is demanded. Appellants answered: (1) Denial; (2) payment; and (3) accord and satisfaction. Action of the court in overruling motion for a new trial is assigned as error.

Appellants urge as reasons for a new trial that the decision of the court is not sustained by sufficient evidence, and is contrary to law. It is contended that appellee failed to prove the contract alleged in the complaint, in that he avers that appellants agreed to pay him for all onions purchased and loaded on the cars at Newland, and on the trial it was proved that a commission of five cents per bag was to be paid

on all onions purchased, regardless of whether they were delivered by loading or not. We have examined the evidence, which, considered as a whole, with the inferences reasonably to be drawn therefrom, is sufficient to establish the contract as averred. But, conceding appellants' contention as to the variance, still, under the record as we find it, there could be no reversal on that ground. Appellants made no objection to the introduction of the evidence which they now claim proved a contract different from the one sued on, and in no way, at the trial, presented to the court the question of the alleged variance. Under such circumstances this court must treat the complaint as having been amended to correspond with the evidence. §130 Civil Code, §400 Burns 1914, §391 R. S. 1881; *Hartwell Bros.* v. *Teck & Co.* (1904), 163 Ind. 357, 71 N. E. 958; *Steinke* v. *Bentley* (1893), 6 Ind. App. 663, 34 N. E. 97.

It is urged by appellants that their answer of accord and satisfaction is fully sustained by the evidence which without conflict shows that after the onions were

2.  purchased appellee accepted from appellants their check for a certain sum, on the face of which check was written the memorandum, "In full for labor to date." There is, however, some evidence tending to show that the payment made by the check containing the memorandum referred to a separate contract of employment.

The evidence to support the decision in this case is not strong, but after a careful consideration we have reached the conclusion that there is some evidence to support all material averments of the complaint.

Affirmed.