184 P.2d 662

**GREEN v. HUBER et al.**

**No. 4900.**

Supreme Court of Arizona.

Sept. 22, 1947.

V. L. Hash, of Phoenix, for appellant.

Hill, Robert & Hill, of Phoenix, for appellees.

STANFORD, Chief Justice.

Herein we will style the appellant as defendant and the appellees as plaintiffs.

This is an action to require defendant in accordance with his subsequent oral agreement to refund to plaintiffs the balance of a deposit made on the purchase price of real estate. Plaintiffs entered into a written contract dated March 12, 1945, with defendant to purchase certain premises belonging to defendant. The purchase was made through real estate brokers. It appears that the brokers, as well as defendant, promised at the time of purchase that by March 25, 1945, electricity would be available for the house; that a cooking stove would be installed; a refrigerator furnished; that lighting fixtures on both outside porches would be installed; that water pipe installation was in good condition; and that the entire real property was in a marketable condition. On these representations the plaintiffs moved into the house on the 16th day of March, 1945, but no electricity nor stove was supplied within the time agreed upon; the water pipes were in bad condition, and other items were not in accordance with the promises made by defendant. Thereupon defendant instructed his agents, the realty brokers, to notify plaintiffs that he would prefer to cancel the agreement for them to purchase the property and have the plaintiffs move out and defendant would refund all the money they had paid. To this the plaintiffs consented and did move out, whereupon the realty brokers refunded to plaintiffs the $500 which they held of the $1,000 paid on the purchase price. This action is to compel the repayment of the balance of $500.

The case was tried before a jury and upon verdict rendered in favor of plaintiffs, defendant appealed from the judgment entered and also from the order of the court denying his motion for a new trial.

Defendant submits the following assignments of error:

"1. That the Court erred in refusing to grant the motion of defendant for an instructed verdict.

"2. That the Court erred in admitting any testimony touching the condition of the premises and respecting the failure of the defendant to furnish lights, water, or to complete the construction of the premises, for the reason that it was wholly outside of and extraneous to the contract of purchase entered into between the parties.

"3. That the Court erred in instructing the jury as follows:

"'You are instructed that the plaintiffs in their complaint and by the evidence in this case bring an action upon what may be termed an alleged accord and satisfaction, or an alleged settlement of a dispute, for the reason that the complaint is not predicated upon an accord and satisfaction,

but is predicated upon an alleged conditional recission of contract.'"

It is the contention of the defendant that the theory on which the case was submitted to the jury in the trial court, namely, accord and satisfaction, was wholly erroneous.

We find from the complaint that plaintiffs alleged that the defendant orally instructed his agents, who were realty brokers, namely, Earl Hudgel and Lawrence A. Carter, to cancel his agreement with the plaintiffs for the sale of the property involved provided the plaintiffs would move out of the premises and accept a refund of the amount paid on the purchase price. The testimony shows that this was done by the agents, who, on March 31, 1945, wrote the defendant as follows:

"Mr. Huber, who apparently moved out of your house at 2495 East Jefferson, yesterday delivered the enclosed key to one of our salesmen with the request that we forward it to you."

Mr. Hudgel, one of the brokers, testified that on the 24th or 25th day of March Mr. Green called his office and he answered the telephone and Mr. Green asked for Mr. Carter, but Mr. Carter not being in, Hudgel said that Green "wanted to know what Huber was going to do." The following is testimony relative to a conversation between broker Hudgel and Mr. Green:

"Q. And when did you next have a conversation with him? A. On the telephone.

"Q. When was that? A. That was on the 24th or 25th. He called in and asked for Mr. Carter. Mr. Carter wasn't in at the time, and I answered the phone and I said, 'This is Hudgel,' and he wanted to know what Huber was going to do, and I said, 'Well, he is sure sore at you for not finishing that place up and getting the electricity.' 'Well,' he said, 'Give him his damn money back and tell him to move out.' And by that time Carter was there, and I said, 'Here is Carter now. You tell him what to do.'"

However, as to the settlement of this case through his agents, Mr. Green testified that he, at no time, authorized Mr. Carter or Mr. Hudgel to make any refund to Mr. Huber of the $500 they had received. But we have heretofore quoted the testimony as given by one of these agents to the effect that Mr. Green told him to pay back the money to the purchasers, these plaintiffs. Also the trial court instructed the jury that if the jury found the agreement was entered into between the plaintiffs and defendant, or between the plaintiffs and the agents of the defendant, if any, acting within their express authority, or acting within their implied authority, it would be their duty to return a verdict in favor of the plaintiffs. At best this merely shows a conflict in the evidence that was resolved against the defendant by the verdict rendered by the jury. Under the rules set forth in our various cases we cannot, on this ground, disturb the judgment following such a verdict.

■ The complaint is based on an agreement arising out of an accord and satisfaction. 1 C.J.S., Accord and Satisfaction, § 1 a, page 462, defines this doctrine as follows:

"Accord and satisfaction is a method of discharging a contract or cause of action, whereby the parties agree to give and accept something in settlement of the claim or demand of the one against the other, and perform such agreement, the 'accord' being the agreement, and the 'satisfaction' its execution or performance."

As stated in 1 Am.Jur., Accord and Satisfaction, Sec. 4,

"The discharge of claims by way of accord and satisfaction is dependent upon a contract express or implied; and it follows that the essentials necessary to vallid contracts generally must be present in a contract of accord and satisfaction. Therefore, the following elements are essential: (1) A proper subject-matter, (2) competent parties, (3) an assent or meeting of the minds of the parties, and (4) a consideration. * * *"

These essentials we find to be present in the case at bar, hence the trial court did not err in refusing to instruct a verdict for defendant.

■ As to the second assignment of error, we are of the opinion that the court did not err in the admission of testimony touching the condition of the premises and respecting the failure of the defendant, within the time agreed upon, to furnish electricity, a stove, etc.

This for the reason that a subsequent oral contract growing out of an accord and satisfaction supersedes the provisions of the original written agreement so greatly relied upon by the defendant.

■ We concede that the instruction complained of under assignment No. 3, supra, is confusing because of being ambiguous and contradictory, but while erroneous it does not constitute reversible error for the instructions taken as a whole do correctly declare the law governing the case.

Judgment affirmed.

LA PRADE and UDALL, JJ., concur.