OWENS ET AL. *v.* DOWNS.

[No. 18,156. Filed May 18, 1951.]

296

*Fred E. Hines; Christian, Waltz & Klotz,* both of Noblesville, for appellants.

*George W. Osborn* and *Roland Griffin,* both of Sheridan, for appellee.

ACHOR, J.—This is an action brought by appellee wherein he sought to have a deed by which he conveyed certain real estate to the appellants cancelled and its title quieted in him.

The appellants (grantees) as a part of the consideration for the deed agreed "to care for and provide a

home for said grantor on said premises, to pay all taxes, insurance and to make and keep up all improvements and pay the funeral expenses and all expense of the last sickness of the grantor, if any."

Appellee alleged that appellants had breached the contract by making life with them on the premises untenable; that appellee was forced to leave the premises because of the misconduct of appellants; that he had demanded reconveyance of the property, which had been refused; that defendants had paid taxes and made improvements on the property but refused to tell him what amount they had paid for such purposes and that the appellants were indebted to him in the sum of $1,050.00 for rent due and owing by reason of their exclusive occupancy of the property; that he was "ready and willing that defendants be compensated out of the property or a reduction of the rent due, for any improvements, taxes, or money paid out by them for the purpose of doing equity to the defendants."

Appellants filed a demurrer to appellee's amended complaint, which demurrer was overruled. The grounds for the demurrer were that appellee had not tendered a return of the consideration received by him by reason of the contract and deed and had failed to keep the tender alive by bringing it into court.

At appellants' request, at the conclusion of the evidence, the court stated and filed its special finding of facts and conclusion of law thereon. Judgment was for the appellee. The court in its decree ordered said deed rescinded because of the defendants' having failed and refused to comply with the terms and conditions set out in said deed, and the court further decreed that "the defendants have and recover of the plaintiff the sum of two thousand four hundred four dollars and fifty-three cents ($2,404.53) for improvements to plain-

tiff's real estate, which constitutes a lien upon said real estate."

The errors assigned by appellants in this appeal are as follows:

1. The court erred in overruling appellants' demurrer to the amended complaint.

2. The court erred in its conclusion of law numbered 1, to-wit: "That the law is with the plaintiff."

3. The court erred in its conclusion of law numbered 2, which was as follows: "That the deed to the defendants was upon a condition subsequent which has been broken and that the plaintiff is entitled to have said deed cancelled."

4. The special finding of facts and the general finding of the court was contrary to law.

Appellants contend first that, as a prerequisite to rescission, it was necessary for appellee to both allege and prove a return of the consideration which he received by reason of the condition subsequent in the deed, and otherwise do that which would put him and the appellants in status quo. Appellants cite 12 Am. Jur. 1032, and *Sandage* v. *Studebaker Bros. Mfg. Co.* (1895), 142 Ind. 148, 41 N. E. 380, as authority for this position.

The necessity of alleging such return of consideration was presented by appellants in their demurrer. However, inasmuch as appellants' brief does not contain a statement of the evidence but only the court's special finding of facts and conclusions of law, any error, if any, in the overruling of the demurrer of the amended complaint is immaterial. *Hadley* v. *Kays* (1951), 121 Ind. App. 112, 98 N. E. 2d 245; *New Albany Trust Company* v. *Nadorff* (1940), 108 Ind. App. 229, 27 N. E. 2d 116.

Irrespective of the pleadings, was it necessary that appellee first "return the consideration" and restore the appellants to the position they occupied before the transaction, as a condition precedent to rescission? Or, was it sufficient for appellees merely to submit the matter of an accounting to the equitable jurisdiction of the court? As contended by appellants, as a general rule restoration is a condition precedent to rescission. 12 Am. Jur. 1032; *Sandage* v. *Studebaker Bros. Mfg. Co., supra; McCloskey* v. *The Indianapolis Manufacturers and Carpenters' Union et al.* (1879), 67 Ind. 86; *Thompson* v. *Divine* (1920), 73 Ind. App. 113, 126 N. E. 683.

However, the particular type of case before the court presents an exception to the general rule which is well established.

". . . In so far as concerns the requirements that a grantor seeking in equity to have his conveyance set aside for breach of the agreement to furnish him support shall place the grantee in statu quo, *it is sufficient that in his bill he asks for a reconveyance after an accounting under which the rights of all parties can be protected.*" (Our italics.)

112 A. L. R. 719; *Hershman* v. *Hershman* (1878), 63 Ind. 451; *Lindsay* v. *Glass* (1889), 119 Ind. 301, 21 N. E. 897.

"The doctrine which obtains in the great majority of the states is that conveyances of property in consideration of agreements to furnish support are in a class peculiar to themselves, and that ordinarily, if the grantee in such a conveyance repudiates, or substantially fails to perform, his agreement, a cancelation of the conveyance, and a rescission, may properly be decreed."

112 A. L. R. 676, 677.

The trial court found that "plaintiff has maintained the status quo sufficiently on his part so that the court can enter a decree on equitable terms."

Based upon the finding of facts and the rules of law applicable herein, we cannot say that there was ■ error in the conclusions of law as stated by the court upon this point.

Appellants contend that there was error in the court's conclusions of law supporting the equitable relief sought, in that appellee failed to establish his right to equitable relief by first proving that he had no adequate remedy at law. Appellants cite *Smith* v. *Sparks Milling Co.* (1942), 219 Ind. 576, 39 N. E. 2d 125.

We concur with appellants that as a general rule courts of equity will not intervene unless it is first established that plaintiff has no adequate ■ remedy at law. However, as stated at 112 A. L. R. 686:

". . . Since an agreement to furnish a grantor support throughout his remaining lifetime is one calling for services and benefits of a peculiarly personal nature, to be rendered over presumably a long, and certainly a very indefinite, period of time, there is ordinarily no adequate remedy for the grantee's breach of his agreement other than the remedy of rescission. . . ."

Indiana courts have treated conveyances made subject to such agreements as having been made upon conditions subsequent and subject to equitable re- ■ lief as long as they remain executory. *Richter* v. *Richter* (1887), 111 Ind. 456, 12 N. E. 698; *Lindsay* v. *Glass, supra; Cree* v. *Sherfy* (1894), 138 Ind. 354, 37 N. E. 787; *Hershman* v. *Hershman, supra; Huffman* v. *Ricketts* (1916), 60 Ind. App. 526, 111 N. E. 322; *Stauffer* v. *Kessler* (1921), 81 Ind. App. 436, 130 N. E. 651.

Furthermore, appellants assert that the court's special finding of facts, and that the general finding of the court was contrary to law in two particulars: First, that the court in its accounting erroneously credited appellee for rent of the premises from the time of the filing of the action until the date of trial, although such relief was not prayed for in the pleadings; secondly, that the court in establishing an accounting between the parties made no allowance to appellants for the board and services provided by them during the 29 month period that appellee resided with them.

As to the first point of contention, it is axiomatic that on appeal, where the lower court finds facts not alleged in the complaint and there was no objection to the evidence, this court will treat the complaint as having been amended to correspond with the evidence. As the evidence is not in the record, this court must conclusively presume that the complaint was so amended. *Horwitts Bros.* v. *Dedloff* (1923), 80 Ind. App. 388, 141 N. E. 85; *Hartwell Bros.* v. *Peck & Co.* (1904), 163 Ind. 357, 71 N. E. 958.

Likewise, the second point of contention above referred to is not well taken. It is true, the court found that appellee and appellants lived together on the premises for said period but, in its finding, made no allowance for any care, support, services, etc., provided for appellee by appellants during that period. The burden of proving the nature and value of such services, if any, was upon appellants. ". . . The silence of the special findings on any fact is equivalent to an express finding against the party having the burden of proving such fact. . . ." *Deming Hotel Co.* v. *Sisson* (1940), 216 Ind. 587, 592-3, 24 N. E. 2d 912; *State Bank* v. *Backus* (1903), 160 Ind. 682, 67 N. E. 512;

*Home Equipment Company, Inc.* v. *Gorham* (1941), 218 Ind. 454, 459, 33 N. E. 2d 99.

Judgment affirmed.

NOTE.—Reported in 98 N. E. 2d 914.