430 P.2d 928

**Allen B. BICKART and Sandra G. Bickart, Appellants,**

v.

**GREATER ARIZONA SAVINGS AND LOAN ASSOCIATION, an Arizona corporation, Appellee.**

**No. 1 CA–CIV 252.**

Court of Appeals of Arizona.

Aug. 15, 1967.

Rehearing Denied Oct. 9, 1967.

Second Petition for Rehearing Denied Oct. 23, 1967.

Review Granted Nov. 21, 1967.

Johnson & Shaw, by M. E. Johnson, Phoenix, for appellants.

Neal T. Roberts and Herbert Danz, Phoenix, for appellee.

DONOFRIO, Judge.

This appeal is from a summary judgment on a promissory note granted by the Superior Court of Maricopa County in favor of the plaintiff-appellee, Greater Arizona Savings and Loan Association.

Defendants, a husband and wife, in September 1962 gave the note for $36,000 secured by a purchase money mortgage on land and a residence in Phoenix. Before the execution of the note, the third party defendant, Goettel Bros. Metal Products, had installed a refrigeration unit. On January 8, 1963, Goettel Bros. filed a materialman's lien against the property. By March of 1963 the defendants were delinquent on the note.

For purposes of the summary judgment only, the plaintiff admitted that after the delinquency occurred, the defendants and an officer of the plaintiff orally agreed that the plaintiff would accept the defendants' deed in lieu of foreclosure. In consideration of that deed, the plaintiff agreed to release the defendants from their liability on the note and mortgage. About the 15th of March, 1963, the defendants did execute a deed in lieu of foreclosure and delivered it to the plaintiff. Then on March 19 the defendants sent the third party defendant a form for the release of the materialman's lien. March 26 the third party defendant caused the refrigeration unit to be removed from the house.

Forty days after the defendants had delivered the deed in lieu of foreclosure the plaintiff advised them that because of the acts of the third party defendant, plaintiff would not be able to accept the deed and could not execute the release. Plaintiff advised the defendants that it would begin foreclosure proceedings. The defendants filed an action to restrain the plaintiff from foreclosure, but the Superior Court refused to grant the injunction.

Plaintiff then brought this action for foreclosure. Subsequently, the parties by written stipulation agreed that the property could be sold to preserve its value, but the sale was without prejudice to their positions. The proceeds were applied to the note and to the expenses. The action continued for the purpose of determining whether the plaintiff could recover the balance of the note and expenses or whether the plaintiff's actions on the deed in lieu of foreclosure prevented a recovery.

The plaintiff moved for summary judgment which was granted. The defendants appealed. The judgment appealed from is as follows:

"THIS MATTER, having come before the court upon Plaintiff's motion for summary judgment, and the court having considered the memorandum submitted by the parties, together with the affidavits attached thereto and the court having, further, heard and considered the oral arguments of the parties and being fully satisfied that there is no genuine issue as to any material fact and that the Plaintiff is entitled to judgment as a matter of law in that the *Uniform Negotiable Instruments Act* precludes any of the defenses raised by the Defendants, it is therefore ordered, adjudged and decreed that Greater Arizona Savings and Loan Association be and it is hereby awarded judgment against the Defendants Allen Bickart and Sandra G. Bickart, his wife, and each of them, in the sum of SIXTEEN THOUSAND EIGHT HUNDRED FIFTY-EIGHT AND 47/100 DOLLARS ($16,858.47) as of November 27, 1964, together with accruing interest from November 27, 1964, to February 19, 1965, in the sum of THREE HUNDRED SEVEN AND 50/100 DOLLARS ($307.-50), together with additional accruing interest on the principal sum at the rate of THREE AND 75/100 DOLLARS ($3.-75) per day, the same being eight percent (8%) of the remaining principal balance due, under the terms of the promissory note.

"It is further ordered, adjudged and decreed that the Plaintiff be and it is hereby awarded judgment against the Defendants and each of them for Plaintiff's attorney fees in the sum of THREE THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($3,500.00). "DONE IN OPEN COURT this 4th day of March, 1965.

/s/ CHARLES C. STIDHAM
JUDGE OF THE SUPERIOR COURT"

Two questions are presented by the defendants.

1. Does the Uniform Negotiable Instruments Law preclude the defense of oral accord and satisfaction as a matter of law?

2. Should defendants have been allowed to present evidence on the reasonableness of attorney's fees?

An "accord and satisfaction" is a method of discharging a contract. It

consists of the "accord" which is the contract between the parties and the "satisfaction" which is the execution or performance. Green v. Huber, 66 Ariz. 116, 184 P.2d 662 (1947).

A.R.S. § 44–519 states:

"A negotiable instrument is discharged:

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;

"4. By any other act which will discharge a simple contract for the payment of money."

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;

An accord and satisfaction is such an act. 11 Am.Jur.2d, Bills & Notes § 908; Britton, Bills & Notes § 264. A deed in lieu of foreclosure may be used to satisfy a mortgage indebtedness. Elson Development Co. v. Arizona Savings & L. Ass'n, 99 Ariz. 217, 226, 407 P.2d 930 (1965). If proved, the discharge of the note would be effective. The accord or contract must have the essentials of 1) proper subject matter, 2) competent parties, 3) a meeting of the minds, and 4) consideration. Green v. Huber, supra.

The first two requirements are not questioned. The plaintiff admitted the third requirement, the meeting of the minds, only for the purpose of arguing the questions of law for summary judgment. Otherwise it disagrees that any accord existed. As a result, the arguments on the questions of law must be decided for the plaintiff or this fact question alone would require reversal for trial.

■ The first question concerns the fourth requirement of the contract, the consideration. The consideration from the defendants was the deed in lieu of foreclosure. That deed was in writing, signed and acknowledged by the defendants. It was delivered. That portion of the agreement was executed. A.R.S. § 33–401. The consideration which came from the plaintiff was the release of the note and the satisfaction of the mortgage. A satisfaction of a mortgage effects a release of the mortgage, even though it is not in writing. The mortgagor may by request require the mort-

gagee to put the deed of release in writing. A.R.S. § 33–707; Valley Nat. Bank of Phoenix v. Milmoe, 74 Ariz. 290, 248 P.2d 740 (1952).

Since the mortgage was released to make the stipulated sale of the property, the action does not turn on that question. The plaintiff claims that the release of the promissory note must be in writing even if the release of mortgage need not be. It cites A.R.S. § 44–522:

> "The holder may expressly renounce his rights against any party to the instrument before, at or after its maturity. An absolute and unconditional renunciation of his rights against the principal debtor made at or after the maturity of the instrument discharges the instrument. But a renunciation does not affect the rights of a holder in due course without notice. A renunciation must be in writing, unless the instrument is delivered up to the person primarily liable thereon."

A release is one type of renunciation. North Pacific Mortgage Co. v. Krewson, 129 Wash. 239, 224 P. 566, 53 A.L.R. 1416 (1924). Therefore the release must be in writing. It appears from the wording of the judgment that the trial court must have accepted this argument since this defense was the only one advanced as a matter of law under the N.I.L. at the hearing on the motion for summary judgment.

It is true that several jurisdictions have accepted this theory and used N.I.L. § 122 [A.R.S. § 44–522] to create a junior statute of frauds which is applied to N.I.L. § 119(4). [A.R.S. § 44–519, subsec. 4]. This is a minority position and is based on a misunderstanding of the historical development of the law of negotiable instruments. Britton, Bills & Notes § 273; 65 A.L.R.2d 593, 597.

The Law Merchant which controlled the development of negotiable instruments law grew using some of the concepts of the Civil Law from the European continent. One of these concepts was renunciation in writing *without consider-*

*ation.* The alien idea of an enforceable contractual act without consideration was not adopted in the American common law, but this type of discharge was codified in the English Bills of Exchange Act and as a result it was later adopted in the United States as N.I.L. § 122. That section was intended to apply to renunciation without consideration and not to release for consideration which is allowed under N.I.L. § 119(4). McGlynn v. Granstrom, 169 Minn. 164, 210 N.W. 892 (1926).

Sec. 119(4) does not require a writing to effect a discharge. This distinction has been preserved in the Uniform Commercial Code which has been adopted for use in this state beginning January 1, 1968. A.R.S. § 44–2568, subsec. B will allow a discharge of the liability of a party by an act or agreement which would discharge a simple contract for money. No writing is mentioned. A.R.S. § 44–2572, subsec. A, par. 2 allows a discharge of a party without consideration if the renunciation is in writing.

█ The release in this case was for consideration. Therefore A.R.S. § 44–519, subsec. 4 applies and the note would be discharged without the requirement of a writing. We adopt this majority view.

The plaintiff has raised two further theories to support the judgment of the trial court.

The first is that the judgment in the injunctive action brought by the defendants to prevent the plaintiff from pursuit of the present action was res judicata on the defendants' allegation of accord and satisfaction.

█ The record in this action does not contain any of the materials which define the issues and scope of judgment on the petition for a restraining order. The Court will not consider matters not included in the record. Patton v. Paradise Hills Shopping Center, Inc., 4 Ariz.App. 11, 417 P.2d 382 (1966).

Secondly, it is argued that even if an accord existed it was breached when the defendants delivered a deed which was subject to the lien of the third party defendant.

Plaintiff claims that defendants' answer admitted that the deed was to be without condition. A deed without express statement of a condition is not subject to that condition under A.R.S. § 33–435:

"A. If the word 'grant' or the word 'convey' is used in a conveyance by which an estate of inheritance or fee simple is to be passed, the following covenants and none other, on the part of the grantor for himself and his heirs, to the grantee and his heirs and assigns, are implied unless restrained by express terms contained in the conveyance:

\* \* \* \* \* \*

"2. That the estate is at the time of execution of the conveyance free from encumbrances.

"B. As used in this section, the term 'encumbrances' includes taxes, assessments and all liens on real property."

The plaintiff also cites Bailey v. Kuida, 69 Ariz. 357, 213 P.2d 895 (1950) which holds in part that a contract to deliver a warranty deed which contract does not mention restrictions does not include restrictions even though they are of record. Therefore when the grantors delivered a deed including restrictions, they had breached the contract of sale.

We believe that is the situation here. First, that portion of the answer relied on by the plaintiff is an admission by defendants of an agreement to convey without condition:

"That on or about the 15th day of March, 1963, defendants did execute and deliver, without condition, the deed in lieu of foreclosure in accordance with the agreement with the plaintiff at its principal office in Phoenix, Arizona, which deed was not refused by the plaintiff."

The defendants make a similar statement in their reply to plaintiff's motion for summary judgment:

"Contrary to the interpretation given in plaintiff's memorandum, the nature of

defendants' defenses, briefly stated, are not those enumerated by the plaintiff in its memorandum; the substantial defense as interposed by the defendants is payment and estoppel, *such defense being predicated on the basis that plaintiff entered into an agreement with defendants to accept a deed in lieu of foreclosure without condition or reservation and did so receive said deed, all in accordance with the agreement*, and therefore is estopped to seek an enforcement of the principal debt by means of foreclosure in that plaintiff agreed to accept the security in full satisfaction of the debt and has therefore been paid." (Emphasis supplied)

It was therefore uncontroverted fact that the deed was to be without condition. The deed contained the following recitation:

"FOR AND IN CONSIDERATION of the sum of $10.00, and other goods, we, ALLEN B. BICKART and SANDRA G. BICKART, his wife, hereinafter called the 'grantors', do hereby convey to GREATER ARIZONA SAVINGS AND LOAN ASSOCIATION, hereinafter called the 'Grantee', the following real property, situate in Maricopa County, Arizona, together with all rights and privileges appurtenant thereto, to-wit:

"Lot Nineteen (19), COUNTRY CLUB MANOR in the City of Phoenix, according to the plat of record in the office of the Maricopa County Recorder in Book 24 of Maps, page 16,

subject to current taxes and other assessments, reservations and patents, and all easements, rights-of-way, encumbrances, liens, covenants, conditions, restrictions and obligations and liabilities as may appear of record."

\* \* \* \* \* \*

We do not interpret A.R.S. § 33–435 to require that all encumbrances be listed individually. The above statement from the deed is express in making the deed subject to matters of record. Whether or not the third party defendant's materialman's lien was valid, that language

in the deed had the effect of shifting from the defendants to the plaintiff the burden of defending against the third party defendant's claim. This would be a breach of the agreement to give a deed in lieu of foreclosure without condition. Bailey v. Kuida, supra. The delivery of a deed which was not the one specified by the agreement was not a defense. The summary judgment was proper.

The defendants urge that the attorney's fees of $3500 should not have been determined by summary judgment. The allegation of the complaint was met by their denial.

### COMPLAINT—IX

" \* \* \* it has become necessary for plaintiff to bring this action for the collection of the promissory note and the foreclosure of said mortgage and that the sum of Three Thousand Six Hundred Dollars ($3,600.00) is a reasonable sum to be allowed to plaintiff as and for its attorney's fee in this action."

### ANSWER—VI

"Defendants are without sufficient information as to the truth or falsity of the allegations contained in paragraph IX, and therefore, deny the same."

The plaintiff claims that under the doctrine of Wingfoot California Homes Co. v. Valley Nat. Bank, 80 Ariz. 133, 294 P.2d 370 (1956) the defendants did not as a matter of law raise a fact issue for determination by their answer.

The Wingfoot case holds that the denial of the allegation of a specific sum is a negative pregnant which in effect denies the specific sum, but admits any sum less than that amount. The allegation of $3600 followed by a denial is an admission that $3500 is reasonable.

We believe that this rule has been thoroughly eroded by the exception taken to it by the Supreme Court in Frank v. Solomon, 94 Ariz. 55, 381 P.2d 591 (1963). Although the facts of that case are limited to whether the trial court should have allowed an amendment to the pleadings to avoid a nega-

tive pregnant, the Court stated strongly that where the matter in controversy is clear, the application of the rule is an absurdity.

■ We believe that no reasonable man would find in the wording of the defendants' verified denial an admission of attorney's fees of any amount. This matter was controverted fact and should not have been determined by summary judgment. We therefore reverse and remand only for a determination of reasonable attorney's fees.

Affirmed in part, reversed in part.

STEVENS, J., and DONALD DAUGHTON, Superior Court Judge, concur.

NOTE: Chief Judge JAMES DUKE CAMERON having requested that he be relieved from the consideration of this matter, Judge DONALD DAUGHTON was called to sit in his stead and participate in the determination of this decision.