592 P.2d 782

**MOBILIFE CORPORATION,**
**Plaintiff-Appellee,**

v.

**DELTA INVESTMENT CORPORATION**
**and E–Z Livin' Mobile Sales, Inc.,**
**Defendants-Appellants.**

**No. 2 CA–CIV 2942.**

Court of Appeals of Arizona,
Division 2.

Jan. 30, 1979.

Rehearing Denied March 14, 1979.

Review Denied March 27, 1979.

Robinson, Wilson, Thompson & Price by Carol Wilson, Tucson, for plaintiff-appellee.

Dan A. Sinema, Tucson, for defendants-appellants.

## OPINION

HOWARD, Judge.

This case involves the collection of certain maintenance fees by appellee Mobilife Corporation, the owner of a trailer park. Both parties moved for summary judgment and the trial court granted appellee's motion, awarding it judgment in the sum of $986.50 together with attorney's fees and court costs. Appellants present the following questions for review: (1) Was E–Z Livin' Mobile Sales, Inc. an owner of the property on the dates in question? (2) Did appellee's

cashing of a certain check made and delivered by Delta Investment Corporation constitute an accord and satisfaction? (3) Did the obligation to pay maintenance fees run with the land? (4) Did appellee waive any right to collect the maintenance fees by refusing access to the common areas?

We believe the trial court erred in awarding a judgment against E–Z Livin', but was correct in awarding summary judgment against Delta Investment. We shall set forth the evidence in the light most favorable to appellants and give appellants the benefit of all inferences reasonably drawn therefrom. *Faris v. Doctors Hospital, Inc.,* 18 Ariz.App. 264, 501 P.2d 440 (1972).

Mobilife Corporation owns Tucson Estates, a mobile home park located in Pima County. By virtue of a sheriff's deed dated March 14, 1975, E–Z Livin' acquired ownership of Lot 319, Unit 6. The lot was subject to a contract of sale between the former owners and appellee's predecessor in interest which provided for monthly payments of $55.08. A file number, 205180, was assigned to the account dealing with this contract of sale. On March 15, 1975, E–Z Livin' deeded the property to Delta Investment.

The trailer park had certain "common areas", the ownership of which remained in Mobilife. The deed restrictions covering Lot 319 were duly recorded in the office of the Pima County Recorder. These restrictions contained, inter alia, the following provision:

"Each owner and resident of any lot of lots 1 through 634 inclusive, shall have the right to use the areas herein designated in accordance with such rules and regulations as may, from time to time be prescribed by THE COMPANY [Mobilife], and not otherwise. The owner of each lot now owned by THE COMPANY shall pay to THE COMPANY as compensation for the privileges herein granted or utilized, such amount as may be assessed ratably against said owner by THE COM-

PANY each month. The assessments shall be uniform against all lots without regard to the extent of use or nonuse of the facilities in said areas by the several lot owners. . . ."

At the time Delta Investment became the owner of the lot the monthly maintenance fee was $23. The fee was subsequently increased and was $31 when this suit was filed. Delta Investment has paid no maintenance fees since it acquired the lot. At least three times, Delta Investment has sent Mobilife a check which stated that the endorsement of the check, when paid, was an acceptance in full payment of the account set forth on the face of the check. For example, the March 1, 1976 check stated on its face: "Paying Acct. 205180 for 3–10–76 Subject only one contract outstanding no other liens of any kind guaranteed." Mobilife refused to accept these checks and sent them back to Delta Investment.

Prior to this lawsuit, on July 5, 1977, Delta Investment again sent one of these checks to Mobilife in the sum of $55.08, the amount of the monthly payment under the contract of sale. On the front of the check was the following language: "Paying Acct. 205180 for 8–10–77 in full to date." The check was endorsed and cashed by Mobilife.

■ This suit was commenced on May 2, 1977 to recover the unpaid maintenance fees. Delta Investment and E–Z Livin' were separately served with copies of the summons and complaint. Neither the complaint nor appellee's motion for summary judgment alleged that appellants were one and the same corporation or that one was the alter ego of the other. E–Z Livin' attached the deed of March 15, 1975 from E–Z Livin' to Delta Investment to its memorandum in opposition to appellee's motion for summary judgment. Appellee claims that E–Z Livin' waived any defense of nonownership of the debt because it did not present one pursuant to the requirements of Rule 12(i), 16 A.R.C.P.[1] It further claims that the failure to deny ownership of the

---

1. Under this rule, certain defenses are waived unless presented by certain motions or in the answer.

obligation operates as an admission under Rule 8(c), 16 A.R.C.P. We cannot agree with these contentions. In its answer, E–Z Livin' denied every allegation of the complaint except the allegation that E–Z Livin' and Delta Investment were Arizona corporations conducting business in Pima County. The trial court erred in granting summary judgment against E–Z Livin' and in refusing to grant its motion for summary judgment.

Appellants claim the acceptance and cashing of the July 5, 1977 check constituted an accord and satisfaction precluding a suit for the maintenance fees. We do not agree. The general rule is that the acceptance and use of a remittance by check which purports to be a payment "in full", or which implies words of similar meaning, or is accompanied by a letter to that effect, constitute an accord and satisfaction of the larger claim of the creditor, assuming the claim is unliquidated or disputed. *Edgley v. Jackson*, 276 Or. 213, 554 P.2d 476 (1976); 1 Am.Jur.2d Accord and Satisfaction Sec. 18; 1 C.J.S. Accord and Satisfaction § 33 at 524 et seq; Annot. 75 A.L.R. 905 et seq. However, where there are several accounts or claims existing between the parties, acceptance of a check marked with words such as "full payment" or "account in full" will not result in an accord and satisfaction unless it is clear which claims or accounts are intended to be covered by the remittance. *Horwitz Bros. v. Dedloff*, 80 Ind. App. 388, 141 N.E. 85 (1923); *Roberts v. Finger*, 227 Miss. 671, 86 So.2d 463 (1956); 1 Am.Jur.2d Accord and Satisfaction Sec. 19; and see, *Babbitt Brothers Trading Co. v. Steinfeld*, 28 Ariz. 403, 237 P. 186 (1925). It is clear that the July check concerned only the account dealing with the contract of sale and had no connection whatsoever to the maintenance fee account.

Appellants contend that appellee cannot deny them access to the common areas and at the same time collect the delinquent fees. They also contend that even though the restrictions provide that they shall "run with the land", appellee has changed the provisions as to maintenance fees into personal obligations by its conduct in waiving the fees for lots initially purchased until four years after the sale or until a mobile home is in place on the lot. They cite no authority for these propositions and we shall therefore not consider them. *Mercantile National Life Insurance Co. v. Villalba*, 18 Ariz.App. 179, 501 P.2d 20 (1972).

The judgment against E–Z Livin' Mobile Sales, Inc. is vacated and the trial court is directed to enter judgment in favor of E–Z Livin' Mobile Sales, Inc. Appellee has asked for attorney's fees on appeal on the ground that the appeal was frivolous. Since appellants prevailed on the part of the appeal, we decline to grant them. The judgment against Delta Investment Corporation is affirmed.

RICHMOND, C. J., and HATHAWAY, J., concur.