664 P.2d 226

**FRANK CULVER ELECTRIC, INC., an Arizona corporation, Plaintiff/Appellee,**

v.

**P.O. JORGENSON and Jean Jorgenson, dba Jorgenson's Custom Building, Defendants/Appellants.**

**No. 2 CA–CIV 4427.**

Court of Appeals of Arizona, Division 2.

Jan. 31, 1983.

Rehearing Denied March 15, 1983.

Review Denied May 17, 1983.

Ronald W. Sommer, Tucson, for plaintiff/appellee.

Morrison & Morrison by Robert Morrison, Sierra Vista, for defendants/appellants.

OPINION

BIRDSALL, Judge.

This appeal follows a judgment in favor of the plaintiff/appellee Frank Culver Electric, Inc. in a breach of contract action against the defendants/appellants Jorgenson. The appellants were the general contractor on a building project in Fort Huachuca, Arizona. The appellee was a subcontractor on that project and sued for money allegedly owed by the general contractor. The appellants raised the affirmative defense of accord and satisfaction. We reverse.

The pertinent facts are as follows. The appellee received payment from the appellants for sub-contract work performed from November 1977 through February 1978. After a final billing, the appellants paid

$8,000 on March 10, 1978. The appellee maintained that an additional amount was still due on the billing, an amount disputed by the appellants. Following several months of correspondence and telephone calls, the parties met in Sierra Vista on June 2, 1978. The appellants presented the appellee with a check marked "final invoice" in an amount less than that requested by the appellee and indicated that it was all they were going to pay. The appellee accepted the check and cashed it.

The issue on appeal is whether the trial court erred in concluding that the parties did not enter into an accord and satisfaction. The Arizona law of accord and satisfaction was summarized in *Vance v. Hammer,* 105 Ariz. 317, 464 P.2d 340 (1970) as follows:

"Accord and satisfaction has previously been defined by this Court as:

'. . . a method of discharging a contract or cause of action, whereby the parties agree to give and accept something in settlement of the claim or demand of the one against the other, and perform such agreement, the "accord" being the agreement, and the 'satisfaction' its execution or performance.' *Green v. Huber,* .66 Ariz. 116, 119, 184 P.2d 662, 664 (1947).

Generally, the elements essential for valid contracts must be present in a contract of accord and satisfaction. *Tucson Utility Supplies, Inc. v. Fred J. Gallagher Const. Co.,* 102 Ariz. 499, 433 P.2d 629 (1967). Those elements are as follows: (1) A proper subject matter, (2) competent parties, (3) an assent or meeting of the minds of the parties, and (4) a consideration. *Green v. Huber,* supra, 66 Ariz. at 119, 184 P.2d 662."

The disputed element in the present case is whether an assent or meeting of the minds of the parties occurred at the June 2 meeting in Sierra Vista. The parties were apparently in disagreement as to the amount owed at that time. The appellants offered in payment a check in an amount less than that requested by the appellee. The words "final invoice" were written on the front of the check. The appellee testi-fied that the appellants had indicated they would pay only the amount on the check. That was all they were going to pay. The appellants testified that both parties understood that the check was the final payment in full. The appellee accepted the check and cashed it.

■ We can only conclude that the appellee understood the check to be intended as a final payment. The appellee's assent may be inferred from its acceptance and cashing of the check. *See* Calamari and Perillo, Contracts § 65, p. 128 (1970); Williston on Contracts § 1854, p. 547 (3d Ed.1972). As we stated in *Mobilife Corp. v. Delta Inv. Corp.,* 121 Ariz. 586, 592 P.2d 782 (App. 1979), "[t]he general rule is that the acceptance and use of a remittance by check which purports to be a payment 'in full,' or which implies words of similar meaning, or is accompanied by a letter to that effect, constitute an accord and satisfaction of the larger claim of the creditor, assuming the claim is unliquidated or disputed." Id. at 589, 592 P.2d at 785. *See also Phillips v. County of Graham,* 17 Ariz. 208, 149 P. 755 (1915). This Arizona rule is in accord with general authority. Corbin on Contracts, § 1279, p. 131 (1962); Restatement 2d of the Law of Contracts, § 281, p. 384 Illustration 6.

■ The appellee also argues that the accord, if any, was voidable since assent was given under duress. The appellants knew that the appellee was being pressured by its creditors. The appellee contends that it agreed to accept the amount of the check in payment without protest only to alleviate that pressure. The appellee cites the Restatement 2d of Contracts, § 175 to the effect that "[i]f a party's manifestation of assent is induced by an improper threat by the other party that leaves the victim no reasonable alternative, the contract is voidable by the victim." The appellee also relies on the doctrine of business compulsion or economic duress "in which one is compelled to act against his will in such a manner that he suffers a serious business loss or is compelled to make a monetary payment to his detriment." *Starks v. Field,*

198 Wash. 593, 89 P.2d 513 (1939). The evidence does not show that the appellants either threatened or compelled the appellee to assent to the accord and satisfaction against its will. Neither can we conclude that the acceptance of the check was the only reasonable alternative remaining for the appellee. The doctrine of business compulsion requires both. *Totem Marine T & B v. Alyeska Pipeline, etc.,* Alaska, 584 P.2d 15 (1978); Annot. 9 A.L.R. 4th 942, 946 (1981). The mere fact that the appellants were aware of the appellee's financial pressures does not constitute business compulsion.

"A charge of economic duress or business compulsion must be based on the acts or conduct of the opposite party and not merely on the necessities of the purported victim, or on his fear of what a third person might do, and the mere fact that a person enters into a contract with reluctance, or as a result of the pressure of business circumstances, financial embarrassment, or economic necessity, does not, of itself, constitute business compulsion or economic duress invalidating the contract.

Unless wrongful, unlawful, or unconscionable pressure is applied there is no business compulsion amounting to duress . . . ." 17 C.J.S. Contracts § 177.

The trial court erred by failing to give the proper significance to the acceptance and cashing of the check by the appellee. Those actions were the equivalent of an assent. Thus, a meeting of the minds did occur by virtue of the appellee's conduct despite the possible misgivings and silence on the part of the appellee's president. This is a case of actions speaking louder than words, or, as here, a lack of words of dissent. The trial court incorrectly concluded that no accord and satisfaction had occurred.

We reverse and remand with directions to enter judgment for the defendants/appellants.

HOWARD, C.J., and HATHAWAY, J., concur.